Kennith Ray JOHNSON, Appellant,

v.

ALCON LABORATORIES,
INC., Appellee.

No. 2–03–011–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 13, 2003.

Kennith Ray Johnson, pro se.

Littler Mendelson, P.C., and John F. McCarthy, Jr., and Stacey S. Calvert, and Harvey G. Joseph, Dallas, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

### ORDER

SUE WALKER, Justice.

The issue we address is whether the request by Appellee Alcon Laboratories that additional portions of the testimony be added to the partial reporter's record is a "designation" of additional testimony "to be included in the reporter's record" at the appellant's cost, or a "supplementation" of the existing reporter's record, the cost of which is the responsibility of the party requesting it. *See* TEX. R. APP. P. 34.6(c)(3), (d); 35.3(b)(3). We hold that Alcon's record request is a request to supplement an existing reporter's record, and that Alcon is responsible for the cost of the supplemental record.

Appellant Kennith Johnson requested a partial reporter's record and served Alcon with a copy of his request. *See* TEX. R. APP. P. 34.6(c). Johnson paid for the par-

tial reporter's record, and it was filed with this court. Following one thirty-day extension of time, Johnson filed his appellant's brief. After Johnson filed his brief, Alcon sought to "designate" additional portions of the testimony to be included in the reporter's record pursuant to rule 34.6(c)(2). TEX. R. APP. P. 34.6(c)(2). According to Johnson, Alcon requested "voluminous" portions of the record and insisted that he pay the court reporter for the portions of the reporter's record that Alcon identified. Alcon concedes the accuracy of these facts, claiming that the portions of the reporter's record it has requested are necessary to the disposition of Johnson's appeal and that rule 34.6(c)(3) obligates Johnson to pay for these additional portions of the reporter's record. TEX. R. APP. P. 34.6(c)(3).

Rule 34.6(c) and (d) provide, in pertinent part:

(c) *Partial Reporter's Record*

(1) Effect on Appellate Points or Issues. If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues.

(2) Other Parties May Designate Additions. Any other party may designate additional exhibits and portions of the testimony to be included in the reporter's record.

(3) Costs; Requesting Unnecessary Matter. Additions requested by another party must be included in the reporter's record at the appellant's cost. But if the trial court finds that all or part of the designated additions are unnecessary to the appeal, the trial court may order the other party to pay the costs for the preparation of the unnecessary additions. This paragraph does not affect

the appellate court's power to tax costs differently.

. . . .

(d) *Supplementation.* If anything relevant is omitted from the reporter's record, the trial court, the appellate court, or any party may by letter direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing the omitted items. Any supplemental reporter's record is part of the appellate record.

TEX. R. APP. P. 34.6(c), (d).

■ We interpret the pertinent provisions of this rule to mean that, when the appellant requests a partial record, other parties may designate additional exhibits and testimony "to be included in the reporter's record" at the appellant's cost, if the designation is made before the reporter's record is prepared and filed in the appellate court. TEX. R. APP. P. 34.6(c)(2), (3). After the reporter's record has been filed, however, relevant items or portions of testimony that are not included in the reporter's record may only be added through "supplementation." TEX. R. APP. P. 34.6(d).

■ Here, Alcon did not request that the additional portions of the reporter's record be included in the record until after the partial reporter's record had been prepared and filed in this court. Accordingly, we construe Alcon's "designation" as a request to supplement an existing reporter's record under rule 34.6(d). TEX. R. APP. P. 34.6(d). Consequently, Alcon is required to make arrangements to pay for the supplemental reporter's record it has requested. *See* TEX. R. APP. P. 35.3(b)(3).

We **DENY,** in part, and **GRANT,** in part, "Kennith Johnson's Motion to Strike Appellee's Request for Supplemental Reporter's Record and Alternatively, Motion

to Proceed as Indigent with Regard to Request for Supplemental Reporter's Record." We **DENY** Johnson's request that we strike Alcon's request for a supplemental reporter's record, and we **DENY** Johnson's alternative request to proceed as indigent. We **GRANT,** however, Johnson's alternative request that Alcon Laboratories be ordered to bear the initial cost of paying for the preparation of the supplemental reporter's record it has requested. We **ORDER** that Appellee Alcon make arrangements to pay for any supplement of the reporter's record that it requests.

The clerk of this court is ordered to transmit a copy of this order to the attorneys of record, the trial court, the trial court clerk, and the court reporter.