**Appeal Reinstated; Order and Dissenting Order filed October 30, 2012.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-11-01108-CV
_____

**WARREN ALDOUS and MICHAEL ALDOUS, Appellants**

**V.**

**ERIC BRUSS, Appellee**

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 09CV0104**

## ORDER

Appellee sued both Michael and Warren Aldous for defamation. The trial court granted a partial summary judgment against Warren Aldous, and after a hearing on damages, signed an interlocutory judgment on March 7, 2011. Appellee's claims against Michael Aldous were tried to a jury, which found in favor of appellee. The trial court signed a final judgment on July 22, 2011, and both Michael and Warren Aldous filed notices of appeal.

On October 18, 2011, the official court reporter for the 405th District Court filed four volumes of the reporter's record related to Warren Aldous's appeal, consisting of the

hearings on damages and on his motion for new trial. On March 22, 2012, the court reporter filed seven additional volumes of reporter's record, containing excerpts of testimony from the underlying jury trial. Appellant Warren Aldous filed his brief on May 30, 2012. Appellant Michael Aldous filed his brief on June 18, 2012. After being granted an extension of time, appellee's brief was due August 2, 2012, but it has not been filed.

Appellee has asserted that he requires additional time to file his brief because he has requested supplementation of the reporter's record in order to respond to appellants' briefs. On July 3, 2012, appellee filed a request with the court reporter to prepare a complete record from the jury trial, with the exception of voir dire, opening statements, and closing arguments. In addition, he requested preparation of the record from the hearing on appellant Warren Aldous's motion for new trial, which has been filed.

The appeal was abated for preparation of the supplemental record. The court reporter advised this court that the reporter's record has not been filed because she has not received payment for its preparation. The parties disagree about who is responsible for payment. As a general rule, the appellant pays the cost to prepare the appellate record and this court awards the prevailing party the appellate costs incurred by that party. *See Lopez v. Ford Motor Co.,* No. 04-08-00092-CV, 2009 WL 636517 (Tex. App.—San Antonio Mar. 11, 2009, no pet.) (mem. op.); *see also* Tex. R. App. P. 43.4.

On September 24, 2012, appellant Michael Aldous filed a request that this court require appellee to pay for preparation of those portions of the record that he wishes to add, asserting that they are frivolous and not relevant to appellants' briefs, citing Texas Rule of Appellate Procedure 34.6(c)(3).

Texas Rule of Appellate Procedure 34.6(c) governs the procedure for filing a partial reporter's record. The Rule provides:

(c) *Partial Reporter's Record*

(1) Effect on Appellate Points or Issues. If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues.

(2) Other Parties May Designate Additions. Any other party may designate additional exhibits and portions of the testimony to be included in the reporter's record.

(3) Costs; Requesting Unnecessary Matter. Additions requested by another party must be included in the reporter's record at the appellant's cost. But if the trial court finds that all or part of the designated additions are unnecessary to the appeal, the trial court may order the other party to pay the costs for the preparation of the unnecessary additions. This paragraph does not affect the appellate court's power to tax costs differently.

(4) Presumptions. The appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. This presumption applies even if the statement includes a point or issue complaining of the legal or factual insufficiency of the evidence to support a specific factual finding identified in that point or issue.

Tex. R. App. P.34.6(c).

At common law, when a complete record of the evidence at trial has not been filed, the appellate court presumes that the omitted evidence supports the trial court's judgment. *See Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex. 1990) (applying Rule 53(d), the predecessor to Rule 34.6(c)). If the appellant has designated the issues that will be presented on appeal as required in Rule 34.6(c), then the appellate court presumes that the partial reporter's record constitutes the entire record for purposes of appellate review. *See* Tex. R. App. P.34.6(c)(1).

The purpose of the requirement to identify the issues to be appealed set out in Rule 34.6(c) is to protect an appellee from having to defend an appeal without parts of the record that support its defense. *See W & F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 38 (Tex. App.—Houston [14th Dist.] 2006, no pet.). The statement of issues mandated by Rule 34.6(c) gives an appellee notice of the issues to be appealed, so that it can designate additional portions of the record that may be necessary for its case. *Id.*

3

Our record contains no designation of the issues that appellants intended to present on appeal, as required by Rule 34.6(c)(1).[1] Courts routinely apply the common law presumption when an appellant has filed a partial record but has failed to give the appellee notice of the issues to be appealed in compliance with Rule 34.6(c). *See Haut v. Green Café Mngmt., Inc.,* __ S.W.3d ___, No. 14-10-01224-CV, 2012 WL 2109260 * 7 (Tex. App.—Houston [14th Dist.] June 12, 2012, no pet.); *Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Marion v. Davis,* 106 S.W.3d 860, 869 (Tex. App.—Dallas 2003, pet. denied).

Rule 34.6(c)(3) requires the trial court to determine whether additions to a partial record that have been requested by another party are unnecessary to the appeal before it may order the other party to pay for their preparation. Tex. R. App. P. 34.6(c)(3). In this case, we need not refer the case to the trial court. Rule 34.6(c) has been construed to mean that when the appellant requests a partial record, other parties may designate additional portions to be included in the reporter's record at the appellant's cost if the designation is made *before* the reporter's record is prepared and filed in the appellate court. *See Johnson v. Alcon Laboratories, Inc*. 149 S.W.3d 653, 654 (Tex. App.—Fort Worth 2003, order) (citing Tex. R. App. P. 34.6(c)(2), (3)). After the reporter's record has been filed, however, relevant portions of testimony that are not included in the reporter's record may only be added through supplementation pursuant to Texas Rule of Appellate Procedure 34.6(d). *Id*.; *Graves v. Diehl*, No. 01-00-00412-CV, 2006 WL 1699527, *3 n.4 (Tex. App.—Houston [1st Dist.] June 22, 2006, pet. denied) (mem. op.). The requesting

---

[1] Appellant requested preparation of a reporter's record limited to the following:
   1. All questioning and testimony of Eric Bruss;
   2. All questioning and testimony of Silvia Sandoval; and
   3. All objections made by counsel for either side and rulings on said objections by the judge
   during trial.
The request does not identify the issues for appeal, and we find no other statement of the issues. *See Furr's Supermarkets, Inc. v. Bethune,* 53 S.W.3d 375, 377 (Tex. 2001) (holding that a separate notice identifying the issue for appeal sent the same day the record was requested was sufficient to invoke the presumption the that partial record constituted the entire record for purposes of appellate review).

party is then required to make arrangements to pay for the supplemental reporter's record. *Johnson,* 149 S.W.3d at 654 (citing Tex. R. App. P. 35.3(b)(3)).

We agree with this construction of Rule 34.6(c), and issue the following order: We **ORDER** the appeal reinstated and **ORDER** appellee to make arrangements to pay for the preparation of any supplemental reporter's record that he seeks to have filed. *See Johnson,* 149 S.W.3d at 654. Any supplemental reporter's record shall be filed on or before **November 28, 2012.** Appellee's brief will then be due on or before **December 28, 2012.**

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby. (Busby, J., dissenting).

5