**Appeal Reinstated; Order and Dissenting Order filed October 30, 2012.**



In The

# Fourteenth Court of Appeals
_____

NO. 14-11-01108-CV
_____

## WARREN ALDOUS AND MICHAEL ALDOUS, Appellants

V.

## ERIC BRUSS, Appellee

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 09CV0104**

## DISSENT TO ORDER

I respectfully dissent from the Court's order requiring appellee to pay for the additional portions of the record he designated. Because appellants did not state their issues as required by Tex. R. App. P. 34.6(c)(1), appellee did not have an opportunity to designate additional portions of the record under subsection (c)(2) until after the record was filed. In my view, therefore, appellants should bear the cost of preparing appellee's designations, except to the extent the trial court determines they are unnecessary to the appeal under subsection (c)(3).

The issue presented here appears not to arise frequently, and we could find no authority precisely on point. As the Court points out, requesting a partial reporter's record without stating the issues results in a presumption that the missing parts of the record support the judgment. In such cases, appellees may choose to rely on the presumption rather than designating additional portions of the record. When an appellee does designate additional portions after the record has been filed, however, the rules do not clearly address who should pay for preparing those portions.

The Court cites two cases for the proposition that the appellant generally should pay for preparing the appellee's designations if they are made *before* the record is filed, while the appellee should pay for preparing them if they are made *after* the record is filed. *See Graves v. Diehl*, No. 01-00-00412-CV, 2006 WL 1699527, at *3 n.4 (Tex. App.—Houston [1st Dist.] June 22, 2006, pet. denied) (mem. op.); *Johnson v. Alcon Labs., Inc.*, 149 S.W.3d 653, 654 (Tex. App.—Fort Worth 2003, order). In neither of those cases, however, did the appellants fail to state their issues as required by Rule 34.6(c)(1).

I would hold that appellants' failure to state their issues in this case changes the analysis. As the Court explains, Rule 34.6(c)(1)'s requirement that an appellant state its issues when requesting a partial record ensures that the appellee receives fair notice, so that it can designate additional portions of the record that may be necessary to support its defense. *See W & F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 38 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Here, appellee received notice of appellants' issues for the first time when appellants filed their briefs—long after the record had been filed. Because appellee then designated the additional portions of the record that he felt were relevant to appellants newly-announced issues, appellants should be required to pay for preparing the designations to the extent allowed under Rule 34.6(c)(3). Appellants should not be able to escape the obligation to pay for designated additions to the record

2

by violating the mandate that they state their issues, thereby depriving appellee of the ability to make an informed designation before the record is filed.

For these reasons, I would order appellants to pay the cost of preparing appellee's designated additions to the record, except to the extent the trial court determines that they are unnecessary to the appeal. I respectfully dissent.


/s/    J. Brett Busby
        Justice


Panel consists of Chief Justice Hedges and Justices Brown and Busby. (Busby, J. dissenting).