OPINION
 

 WANDA McKEE FOWLER, Justice.
 

 Nancy S. Mason appeals from a jury verdict in favor of appellees, Our Lady Star of the Sea Catholic Church and the Diocese of Galveston-Houston (Roman Catholic Church) (collectively, “Catholic Church”), and the Greater Mt. Moriah Baptist Church (“Baptist Church”). In four issues, Mason complains of charge error and the trial court’s denial of her motion for new trial. Because Mason failed to bring forward a complete reporter’s record and did not comply with the requirements of Texas Rule of Appellate Procedure 36.4(c), we affirm.
 

 Factual and Procedural Background
 

 Mason owns property adjacent to property owned by the Catholic Church and the Baptist Church. When Tropical Storm Allison inundated Houston with rain in June 2001, Mason’s property flooded. She brought suit against the churches, alleging that improvements to their property caused her property to flood.
 

 At the end of a week-long trial, the court submitted the charge to the jury. Question One asked whether Tropical Storm Allison was an event of unprecedented rainfall that constituted an act of God, to which the jury answered, “No.” Question Two asked whether the Catholic Church or the Baptist Church diverted or impounded the natural flow of surface waters in a manner that was a cause in fact of the
 
 *804
 
 damage to Mason’s property by the overflow of the water diverted or impounded, to which the jury also answered, “No.”
 
 [1]
 
 The remaining jury charge questions, including questions on trespass, nuisance and damages, were predicated upon affirmative answers to Question Two, and therefore the jury did not answer them. On October 14, 2003, the trial court entered a take-nothing judgment in favor of the churches.
 

 Mason filed a motion for new trial based on objections to the jury charge and to closing argument. The trial court denied the motion for new trial. This appeal followed.
 

 Mason’s Noncompliance with Texas Rule of Appellate Procedure 36.4(c)
 

 On January 6, 2004, Mason filed her notice of appeal. Two weeks later, she filed her designation of the clerk’s record. In it, she requested the pleadings of the parties, the charge, the judgment, and post-trial motions. In the same letter, she also requested the inclusion of excerpts of the reporter’s record containing the jury argument made by the Catholic Church and the Baptist Church, and Mason’s objections at the charge conference. Mason did not request any of the testimony or evidence received at the trial. Mason’s designation letter contained no statement or indication that she was filing a limited appeal under Texas Rule of Appellate Procedure 34.6(c), nor did it contain a statement of the issues to be presented on appeal as required by Rule 34.6(c)(1).
 
 See
 
 Tex.R.App. P. 34.6(c)(1) (“If the appellant requests a partial reporter’s record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues.”).
 

 The clerk’s record was filed in this court in February 2004, and the partial reporter’s record Mason requested was filed approximately three weeks later. Mason then submitted her appellate brief in April, and the churches filed responsive briefs in May. In their briefs, both the Catholic Church and the Baptist Church argued as their main responsive point that the trial court’s judgment must be affirmed because Mason did not bring forward a complete reporter’s record and did not limit her appellate issues as provided in Rule 34.6(c).
 

 Four months after the briefing was filed, and shortly before submission, Mason filed in this court a “Motion for Leave to Supplement Court Reporter’s Record.” In the motion, Mason acknowledged she did not include a statement of points or issues in her designation of the record as required under Rule 34.6(c)(1), but stated that she was requesting the court reporter to prepare a supplemental record containing (1) all final jury arguments (rather than just the defendants’ jury arguments previously filed), and (2) Mason’s written request for the supplemental record. The written request, dated September 23, 2004, purported to include a statement of points or issues in compliance with Rule 34.6(c)(1).
 
 [2]
 
 
 *805
 
 Mason requested we grant leave for her to file the supplemental record she requested. In a combined response, the churches objected, arguing that Mason was not seeking to supplement the record, but really was seeking to create a new document— the September 23, 2004 letter to the court reporter — in an untimely attempt to comply with Rule 36.4(c). The churches pointed out that Mason’s request came four months after they filed their briefs, and less than a month before the case was set for oral argument. We denied Mason’s motion, but did permit the supplemental reporter’s record containing the additional jury argument to be filed.
 
 See
 
 Tex.R.App. P. 34.6(b)(3). So, the letter Mason sought to have included in the record — in her belated attempt to comply with Rule 36.4(c)(1) — is not filed as a part of the record in this case.
 

 Generally, on an appeal with only a partial reporter’s record, the court of appeals must presume the omitted portions of the record are relevant and support the trial court’s judgment.
 
 Christiansen v. Prezelski,
 
 782 S.W.2d 842, 843 (Tex.1990). Rule of Appellate Procedure 34.6(c) provides an exception to the general presumption. Under that rule, an appellant may present an appeal on a partial reporter’s record and not be subject to the general presumption if she includes in her request for the reporter’s record a statement of the points or issues to be presented on appeal. Tex.R.App. P. 34.6(c)(1). This statement limiting the points or issues to be presented on appeal puts the other parties on notice that the appellate court will presume the designated portions of the record constitute the entire record for reviewing the stated points or issues, and it allows the other parties the opportunity to request any additional portions of the record they believe are relevant to the issues or points.
 
 Id.
 
 34.6(c)(2), (4).
 

 The Texas Supreme Court has held the statement of the issues on appeal need not be included in the request for the reporter’s record as long as the statement is made in time for the other parties to designate any additional relevant portions of the record and to prepare their appellate briefs.
 
 See Bennett v. Cochran,
 
 96 S.W.3d 227, 228-30 (Tex.2002) (per curiam). However, the
 
 Bennett
 
 court warned that “litigants should not view our relaxation of rules in a particular case as endorsing noncompliance. While we seek to resolve appeals on their merits, litigants who ignore our rules do so at the risk of forfeiting appellate relief.”
 
 Id.
 
 at 230. The court observed that if the appellant had completely failed to file its notice of issues instead of filing it late and separate from the request for the reporter’s record, then “[tjhere is no question that ... Rule 34.6 would require the appellate court to affirm the trial court’s judgment.”
 
 Id.
 
 at 229.
 

 We acknowledge the Texas Supreme Court’s instruction to take a more flexible approach when “the appellee has not established any prejudice from a slight relaxation of the rule.”
 
 Id.
 
 at 229. The facts of
 
 Bennett,
 
 however, are clearly distinguishable from those here. In
 
 Bennett,
 
 the appellant filed his statement of the issues approximately two months late, but the appellee still had more than two months after receiving notice of the statement to file his brief.
 
 Id.
 
 And, the appellee did not contend that the delay prevented him from identifying the relevant issues or supplementing the reporter’s record.
 
 Id.
 

 
 *806
 
 In contrast, Mason did not seek leave to file her statement of the issues until almost nine months after it was due.
 
 See
 
 Tex.R.App. P. 34.6(b)(1), (c)(1). Her request came four months after the appel-lees’ briefing had been completed and shortly before the case was set for oral argument. We cannot condone such an egregious flouting of the rules of appellate procedure. Permitting Mason to file her statement of issues at this late date would effect more than the “slight relaxation of the rule” the Supreme Court described
 
 Bennett
 
 as being-it would render it meaningless. Thus, the objectives of the rule would not be served.
 
 See Bennett,
 
 96 S.W.3d at 230.
 

 Because we have denied Mason’s request to include her purported statement of issues in the record, her appeal will proceed without the benefit of such a statement.
 

 Analysis of Mason’s Issues
 

 We now turn to the substance of Mason’s issues. As an appeal with only a partial reporter’s record, we must presume the omitted portions of the record are relevant and support the trial court’s judgment.
 
 Christiansen,
 
 782 S.W.2d at 843. Therefore, we analyze Mason’s issues against this presumption.
 

 1. Jury Charge Issues
 

 In three issues, Mason contends that the trial court erred in the following ways: (1) by conditioning Jury Questions Three and Four on a “Yes” response to Question Two, preventing Mason from obtaining findings on her separate trespass and nuisance theories; (2) by submitting “Act of God” as a jury issue when it is an inferential rebuttal matter; and (3) by conditioning Question Two and the remaining questions on the jury’s response to Question One, because it was an impermissible comment on the weight of the evidence. We consider these together.
 

 To justify reversal of the trial court’s decision, Mason must establish that an error probably caused the rendition of an improper judgment. Tex.R.App. P. 44.1(a)(1);
 
 Plainsman Trading Co. v. Crews,
 
 898 S.W.2d 786, 790 (Tex.1995). To determine whether an alleged error in the jury charge is reversible, we must consider the pleadings of the parties, the evidence presented at trial, and the charge in its entirety.
 
 Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass’n,
 
 710 S.W.2d 551, 555 (Tex.1986).
 

 In her argument, Mason contends that if Questions Three and Four were not conditioned on the jury’s responses to Questions One and Two, it is likely the jury could have decided these issues in her favor. Mason also contends that presenting Question One on “Act of God” as the primary matter to be decided before her theories of liability were addressed controlled the entire case. As a result, Mason complains, the trial court exaggerated the “Act of God” defense and minimized her evidence, and shifted the focus to the evidence relating to Tropical Storm Allison rather than her evidence of the ongoing impact of the churches’ improvements to their property.
 

 At oral argument, Mason’s counsel also argued that Question One, the “Act of God” question, should not have been submitted; instead, the court should have submitted issues on nuisance and trespass. He pointed out that at least one opposing counsel agreed the question should not have been submitted. Counsel claims this mistake was fundamental error apparent in the record simply by looking at the pleadings and the charge; thus, according to counsel, no record is needed to confirm that reversible error occurred. In addition, counsel claimed that because the “Act of God” question was submitted, he wasted valuable time at closing argument discuss
 
 *807
 
 ing it and explaining why the jury should answer “no” to it.
 

 Fundamental error is rarely used in Texas, and, according to a recent Texas Supreme Court case, is a “discredited doctrine.”
 
 See In re B.L.D.,
 
 113 S.W.3d 340, 350 (Tex.2003). Historically, courts have reserved their use of the doctrine for very narrow situations.
 
 Id.
 
 Three appear to exist: (1) when the record shows on its face that the court lacked jurisdiction; (2) when certain types of error exist in juvenile delinquency cases; and (3) when a public, as opposed to private, interest is directly and adversely affected as that interest is declared in the statutes or Constitution of Texas.
 
 Id.; In re J.F.C.,
 
 96 S.W.3d 256, 291-293 (Tex.2002) (Hankinson, J., dissenting):
 
 [3]
 

 Pirtle v. Gregory,
 
 629 S.W.2d 919, 920 (Tex.1982) (per curiam).
 

 Counsel cannot rely on fundamental error in this case for two reasons. Fust, this case does not fall within any of the three situations in which Texas courts have applied the doctrine. Counsel has not alleged jurisdictional error, this is not a juvenile delinquency case, and only a private interest is at stake here — an issue of interest to the public generally is not at stake.
 

 Second, courts apply the doctrine when a litigant fails to preserve error, not when the litigant fails to bring a record forward on appeal. The only type of fundamental error that might on occasion be raised without the benefit of a reporter’s record is a jurisdictional defect apparent on the face of the record. But this appeal does not involve a jurisdictional defect. None of the parties, including Mason, allege that the trial court was without authority to hear the ease.
 

 Furthermore, even when a litigant alleges fundamental error, an appellate court must have a record. Without a record, an appellate court is hobbled; it cannot perform its review of the record to assess for itself if error occurred and, if so, to assess whether the error was harmless or reversible. For example, without a record, it is impossible for us to determine how much time counsel spent discussing Question One.
 

 Thus, we decline to extend the fundamental error doctrine to this case. It clearly does not apply. We also refuse to abandon our responsibility to look to the record for error so that we can independently and objectively assess both the error and its harm.
 

 In short, to evaluate Mason’s claims, we must review the trial record. Because Mason did not request the preparation of any part of the trial record, we are unable to address Mason’s claims that she likely would have prevailed but for the harm caused by the alleged charge errors.
 
 See Hiroms v. Scheffey,
 
 76 S.W.3d 486, 489 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (holding that appellant’s failure to have trial proceedings transcribed precluded appellate review of whether trial court gave jury improper instruction). Moreover, because Mason did not timely file her statement of issues, we must presume the omitted portions of the record are relevant and support the trial court’s judgment.
 
 Christiansen,
 
 782 S.W.2d at 843;
 
 see also Coleman v. Carpentier,
 
 132 S.W.3d 108, 110-11 (Tex.App.-Beaumont 2004, no pet.) (per curiam) (holding that in absence of
 
 *808
 
 reporter’s record or compliance with Rule 34.6(c), appellate court would presume evidence adduced at trial supported trial court’s judgment).
 

 We overrule Masons first three issues concerning jury charge error.
 

 2. Improper Jury Argument
 

 In her fourth issue, Mason contends that the trial court erred in denying her motion for new trial when counsel for the Catholic Church, in his final argument, informed the jury of the results of their answer to Question One, which violated her motion in limine.
 

 At the end of his closing argument, the Catholic Church’s counsel stated:
 

 Let me go back to Question No. 1. This is the last thing I want to say in this case. This case has been going on too long. We’ve all been here all last week and the first part of this week and it’s just too long. Please, answer Question No. 1 yes and it’s all over. Thank you.
 

 Mason objected to this argument as improper and moved for a mistrial, which the court denied.
 

 On appeal, Mason contends this improper argument violated her motion in limine because it informed the jury of the effect of its answers, it added to the burden already imposed on her by the jury charge’s improper comment on the weight of the evidence, and it required counsel to spend additional time rebutting the improper argument. Therefore, she contends, the trial court erred in denying her motion for mistrial.
 

 Again, however, because we do not have a complete reporter’s record, we are unable to review the evidence to determine if the verdict was based on the evidence or on the improper argument.
 
 See Wooten v. S. Pac. Transp. Co.,
 
 928 S.W.2d 76, 80 (Tex.App.-Houston [14th Dist.] 1995, no pet.) (holding that lack of complete record precluded appellate review of alleged incurable jury argument). And, because we must presume that the omitted portions of the record are relevant and would support the judgment, we overrule Mason’s fourth issue.
 

 Conclusion
 

 We affirm the trial court’s judgment.
 

 [1]
 

 . Question Two was conditioned on a negative answer to Question One.
 

 [2]
 

 . In her request for a supplemental record, Mason stated, "This request for the above parts of the Reporter’s Record in the above case are made pursuant to Rule 34.6(c)(1) T.R.A.P., as the points of error on appeal deal with the alleged erroneous charge submitted to the Court and harmful error which occurred during jury argument.” Even if this statement was timely filed, we find that it does not satisfy the requirements of Rule 34.6(c)(1) because it does not identify the portions of the charge or the jury argument Mason intended to appeal, leaving appellees to guess what additional evidence they should include in the reporter’s record.
 
 See Gardner v. Baker & Botts, L.L.P.,
 
 6 S.W.3d 295, 297 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (holding that statement of issues
 
 *805
 
 requires appellant to "designate with reasonable particularity the complaints to be pursued on appeal”).
 

 [3]
 

 . In
 
 B.L.D.,
 
 Justice Wainwright describes the limited application of the fundamental-error doctrine to "certain juvenile delinquency cases,”
 
 see
 
 113 S.W.3d at 350-51, while Justice Hankinson, in her dissent in
 
 J.F.C.,
 
 describes the applicability of the fundamental-error doctrine more broadly, to cases involving "the state’s interest in the rights and welfare of minors.”
 
 See
 
 96 S.W.3d at 292 (Hankinson, J., dissenting).