**Affirmed and Memorandum Opinion filed October 15, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00966-CV

---

### JAMES BURNS, Appellant

### V.

### CARRIE MULLIN, Appellee

---

**On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2010-10783**

---

## M E M O R A N D U M   O P I N I O N

Robert Burns appeals the trial court's order granting Carrie Mullin's petition to modify the parent-child relationship. We affirm.

### BACKGROUND

Burns and Mullin were married in October 2002 and divorced in June 2010. The couple had three children during their marriage. In their final divorce decree, Burns and Mullin were designated joint managing conservators of their children.

Burns was awarded the exclusive right to establish the primary residence of the children. Mullin was awarded a standard possession order.

In May 2011, Mullin sought modification of the final decree by filing a petition in which she requested, among other things, the exclusive right to establish the primary residence of the children. In response, Burns filed a counter-petition requesting that the conservatorship be modified to designate him as the sole managing conservator of the children.

The case was tried before a jury from June 26, 2012 through June 29, 2012. At trial, the court submitted the following questions to the jury: (1) "Should the joint managing conservatorship be replaced by a sole managing conservatorship of [the children]?" and (2) "Should the order designate James L. Burns II the conservator who has the exclusive right to designate the primary residence of the children named below be modified to appoint Carrie P. Mullin the conservator who has the exclusive right?" The jury answered "no" to the first question and "yes" to the second question. The trial court signed a judgment in accordance with the jury's verdict on August 20, 2012.

Burns filed a motion for new trial on July 17, 2012 and an amended motion for new trial on September 14, 2012, which were denied by the trial court. Burns filed this appeal on October 18, 2012, followed by an amended notice of appeal on November 1, 2012.

## ANALYSIS

In two issues on appeal, Burns argues that the trial court abused its discretion in signing the order to modify the conservatorship because insufficient evidence existed to support the order. First, Burns contends that evidence was factually insufficient to prove a material and substantial change in circumstances.

Second, Burns claims that the evidence was factually insufficient to support the appointment of Mullin as conservator with the exclusive right to designate the children's primary residence. Before considering the merits of these issues, we must address the state of the reporter's record before us given that Burns requested only a partial reporter's record.

## I.      Partial Reporter's Record

An appellant who requests a partial reporter's record must include "a statement of appellate points or issues to be presented on appeal and will be limited to those points or issues." Tex. R. App. P. 34.6(c)(1). This rule serves two important purposes. First, it provides notice to the other party that the appellate court will presume that the designated portions of the record constitute the entire record for reviewing the stated points or issues. Tex. R. App. P. 34.6(c); *Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Second, it allows the other party to request any additional portions of the record that are relevant to the points or issues. *Id.*

A late-filed statement of points or issues may support the presumption that the record is complete unless the appellee demonstrates that the late filing of the statement adversely affected him. *Bennett v. Cochran*, 96 S.W.3d 227, 229-30 (Tex. 2002) (per curiam). However, when an appellant fails completely to file a statement of points or issues, an appellate court must presume that the omitted portions of the record support the trial court's judgment. *Id.* at 229 ("There is no question that, had Bennett completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment."); *see also Haut v. Green Café Mgmt., Inc.*, 376 S.W.3d 171, 179 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

**II.      Burns's Noncompliance with Texas Rule of Appellate Procedure 36.4**

Burns filed a partial reporter's record in this court.   Specifically, Burns requested preparation of a reporter's record limited to the following:  (1) an excerpt from his testimony at a temporary order hearing on July 21, 2011, (2) his testimony on June 28, 2012, (3) the testimony of Breana Ash at a temporary order hearing on July 21, 2011, and (4) the testimony of his nephew, Jason Baldwin, on June 29, 2012.  Missing from the record is the testimony of Mullin and her new husband.[1] Because we must presume that all missing material supports the trial court's judgment, Burns cannot succeed in his factual insufficiency arguments.  *See Bennett¸* 96 S.W.3d at 229-30.

We overrule Burns's first and second issues.

### CONCLUSION

We affirm the trial court's judgment.


/s/      William J. Boyce
Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

---

[1] The record does not list the names of the witnesses at trial.  Mullin asserts in her brief that she and her husband testified at trial.  Burns does not contest this assertion.  Testimony included in the partial reporter's record refers to Mullin's testimony at trial.