**Opinion issued December 12, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00333-CV

_____

**JAMES FONTENEAUX, SR., Appellant**

**V.**

**NORMA GOFF, INDIVIDUALLY AND AS HEIR
TO THE ESTATE OF JOHN GOFF, Appellee**

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 09-DCV-175004

## MEMORANDUM OPINION

After a car accident, James Fonteneaux sued Norma Goff for negligence. The trial court signed a take–nothing judgment based on a jury's findings that Fonteneaux was 90% negligent and that he sustained no compensable damages. On appeal, Fonteneaux contends that (1) legally insufficient evidence supports the

jury's verdict, (2) factually insufficient evidence supports the jury's verdict, (3) two of the jury's answers are against the overwhelming weight of the evidence, and (4) the jury charge is incomplete and defective. Because Fonteneaux failed to preserve these issues at trial, we affirm.

## Background

In September 2008, John Goff stopped his vehicle in the road and then began to drive in reverse gear. Fonteneaux was behind Goff in the same lane. Fonteneaux drove into the median to avoid Goff and hit a small tree.

Fonteneaux sued John Goff, but in May 2011, Goff died. Fonteneaux amended his petition, naming Norma Goff, individually and as heir to the estate of John Goff, as the defendant. The jury found Goff 10% negligent and Fonteneaux 90% negligent, and it assessed no damages.

## Discussion

To preserve a legal sufficiency challenge after a jury trial, a party must (1) move for an instructed verdict, (2) move for a judgment notwithstanding the verdict, (3) object to the submission of the jury question, (4) move to disregard the jury finding, or (5) move for a new trial. *Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex. 1991). Nothing in the appellate record indicates that Fonteneaux took any of these actions or obtained rulings from the trial court as to his legal sufficiency complaints; therefore, they are waived.

To preserve a factual sufficiency challenge to a jury finding or a complaint that a jury finding is against the great weight and preponderance of the evidence, a party must move for a new trial. TEX. R. CIV. PROC. 324(b)(2), (3); *Cecil*, 804 S.W.2d at 510. Fonteneaux did not move for a new trial. Thus, he has not preserved his factual sufficiency challenges.

To preserve a challenge to a jury charge, an appellant must object to the jury charge in writing or on the record and obtain a ruling from the court, during the charge conference after the close of the evidence, but before the charge is read to the jury. TEX. R. CIV. PROC. 272; *see also State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992) ("There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling."). On appeal, Fonteneaux contends that the trial court erred in failing to submit claims for negligence per se and gross negligence. But nothing in the appellate record indicates that Fonteneaux objected to the jury charge, requested additional instructions, or obtained rulings on his requests. Fonteneaux has not included a reporter's record for the trial court's jury charge conference. Because Fonteneaux did not include a statement of the issues to be presented on appeal in his request for a partial reporter's record, we must presume that this omitted portion of the record supports the trial court's judgment. *Mason v. Our*

3

*Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see also Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002). Because he did not object to the jury charge, Fonteneaux has waived this issue on appeal.

## Conclusion

We hold that Fonteneaux did not preserve his challenges to the judgment by timely presenting them for rulings in the trial court in the first instance. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.