**Affirmed and Opinion filed September 15, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00515-CV

## IN THE INTEREST OF J.A.T., A MINOR CHILD

**On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 74447**

## O P I N I O N

Zarena Allen filed an original suit affecting the parent-child relationship concerning J.A.T., a child not related to her. After the child's father filed a counterpetition, the trial court dismissed Allen's petition for lack of standing. When she later attempted to intervene, the trial court denied her leave to do so. She appeals both rulings. We affirm.

### I. BACKGROUND

In October 2013, Zarena Allen filed an original petition in a suit affecting the parent-child relationship ("SAPCR") in which she asked the trial court to name

her and J.A.T.'s father as J.A.T.'s joint managing conservators. Allen is not related to J.A.T., but alleged that she had actual care, control, and possession of the child for at least six months ending not more than ninety days before she filed the suit. *See* TEX. FAM. CODE ANN. § 102.003(a)(9) (West Supp. 2016). Ten days after the suit was filed, an associate judge issued temporary orders naming Allen J.A.T.'s sole managing conservator.

The child's father A.T. ("Father") answered the suit, filed a counterpetition, and requested a de novo hearing on the temporary orders. Father also filed a motion to vacate the temporary orders on the ground that Allen lacked standing to initiate this suit. The associate judge denied the motion to vacate, and Father requested a de novo hearing on that matter as well. The record indicates that an evidentiary hearing was held on Father's motion to vacate on June 10, 2014, and that on June 17, 2014, the presiding judge granted the motion and dismissed Allen's petition. Allen filed a petition for writ of mandamus, which was denied. *See In re Allen*, No. 01-14-00492-CV, 2014 WL 3827525 (Tex. App.—Houston [1st Dist.] Aug. 5, 2014, orig. proceeding) (mem. op.).

While Allen's case was pending before the First Court of Appeals, she continued attempting to litigate J.A.T.'s conservatorship in the trial court by filing a petition in intervention and a motion for leave to intervene on June 25, 2014. Father responded by nonsuiting his counterpetition and filing a motion to deny Allen leave to intervene. A contested hearing on the motion for leave to intervene was held over the course of three days, and the associate judge denied Allen's motion. Allen requested a de novo hearing, and by agreement of the parties, the matter was determined by submitting a transcript of the three-day hearing to the presiding judge. The trial court likewise denied Allen leave to intervene.

2

In a single issue, Allen contends that the trial court erred in denying her motion for leave to intervene and in finding that she lacked standing to bring an original action.

## II. STANDING TO BRING AN ORIGINAL SAPCR

When the trial court's determination of a person's standing to file an original SAPCR is challenged, we review the trial court's ruling de novo by construing the petition in the pleader's favor and looking to the pleader's intent. *See In re M.J.G.*, 248 S.W.3d 753, 757 (Tex. App.—Fort Worth 2008, no pet.). Standing is essential to subject-matter jurisdiction, *see Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000), and a trial court must consider evidence when necessary to determine whether subject-matter jurisdiction exists. *See id.* at 554–55.

As the basis for standing to file an original SAPCR, Allen relies on a provision that permits such a suit to be filed by "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." *See* TEX. FAM. CODE ANN. § 102.003(a)(9). The record shows that Father filed a motion to vacate the court's temporary orders on the ground that Allen lacked standing to initiate a SAPCR. The record further shows that after Father's original challenge to Allen's standing was denied, he filed a request for a hearing de novo. According to representations in Father's subsequent motion for writ of attachment as well as the case summary included in the clerk's record, an evidentiary hearing on the motion was held on June 10, 2014; however, the appellate record does not contain a transcript of the hearing.

A complete reporter's record is not always necessary. If the parties have filed a written stipulation agreeing on the contents of a partial record, then the appellate court will presume that the agreed record contains "all evidence and

filings relevant to the appeal." TEX. R. APP. P. 34.2.  The parties also can agree to, and file, an agreed statement of the case.  TEX. R. APP. P. 34.3.  Even in the absence of an agreement between the parties, the appellant can request a partial reporter's record and "include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues."  TEX. R. APP. P. 34.6(c)(1).  But in the absence of an agreement between the parties or a statement of the appellant's issues to be presented on appeal, "we must presume that the omitted portions of the record are relevant and would support the judgment." *Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 822 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

The record before us does not contain the parties' agreement to a partial reporter's record or to a statement of the case.  It also does not contain a statement of Allen's issues to be presented on appeal.  We therefore must presume that a record of the hearing on Allen's standing to file the original SAPCR would support the trial court's judgment that she lacked standing.  *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (per curiam) ("There is no question that, had Bennett completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment.").  Thus, we presume that at the evidentiary hearing on June 10, 2014, Allen failed to produce evidence sufficient to raise a genuine issue of material fact about whether she had actual care, control, and possession of J.A.T. for at least six months ending not more than ninety days before she filed her original petition in 2013.  We therefore overrule Allen's challenge to the trial court's ruling that she lacked standing to file an original SAPCR.

4

### III. STANDING TO INTERVENE

On appeal, Allen contends that she had standing to intervene on June 25, 2014 because as a result of the trial court's temporary orders, she had been J.A.T.'s sole managing conservator with actual care, control, and possession of him for the eight months immediately preceding that date, and thus, she had standing to file an original SAPCR under Texas Family Code section 102.003(a)(9). For us to reverse the judgment on that basis, we would have to conclude that, even though we must presume that the omitted portion of the record supports the trial court's finding that Allen lacked standing when she filed this lawsuit, she nevertheless acquired standing to intervene—in the same proceeding she initiated and in which she still was named as a respondent—because she was named J.A.T.'s managing conservator in a temporary order that the trial court lacked jurisdiction to issue. We cannot agree. We instead conclude that Allen's argument impermissibly relies on selected parts of sections 102.003 and 102.004 while overlooking others.

Section 102.003 concerns standing to file an original suit, and provides that "[i]n computing the time necessary for standing under Subsection[] (a)(9) . . . , the court may not require that the time be continuous and uninterrupted but shall consider the child's principal residence *during the relevant time preceding the date of commencement of the suit*." TEX. FAM. CODE ANN. § 102.003(b) (emphasis added); *see also In re Vogel*, 261 S.W.3d 917, 921 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (orig. proceeding) (stating that standing to file suit is determined as of the time the suit was filed (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 n.9 (Tex. 1993))). Although Allen relies on section 102.003(a)(9), she attempts to establish standing to intervene based solely on events that occurred after suit was filed.

In contrast to section 102.003, section 102.004(b) addresses the standing of a non-parent to intervene in a pending SAPCR. The relevant language from that subsection is as follows:

> [T]he court may grant a grandparent or other person deemed by the court to have had substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this subchapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.

TEX. FAM. CODE ANN. § 102.004(b). Allen does not contend that she met her burden to show that appointment of one or both of J.A.T.'s parents as managing conservator would significantly impair his physical health or emotional development, but instead argues only that at the time she intervened, she had standing to file an original suit.

We agree that a person who has standing to file an original petition under section 102.003(a)(9) generally may instead file a petition in intervention;[1] however, Allen could not intervene in this lawsuit because section 102.004(b) only permits the trial court to grant leave to intervene "in a pending suit filed by a person authorized to do so under this subchapter." *See id.* Because Allen lacked standing when she originally filed this SAPCR, this was not a "suit filed by a person authorized to do so," so she did not acquire standing to intervene in this suit while the case was pending.

We overrule the sole issue presented.

---

[1] *See In re A.T.*, No. 14-14-00071-CV, 2014 WL 11153028, at *9–11 (Tex. App.— Houston [14th Dist.] July 15, 2014, no pet.) (mem. op. on reh'g) (reversing dismissal of plea in intervention where intervenors' plea reasonably could be viewed as raising issues of standing under both the "intervention" and "original suit" provisions and the intervenors argued standing under both provisions at the hearing, but the trial court declined to consider evidence that intervenors had standing to bring an original suit).

## IV. CONCLUSION

On the record before us, we must presume that Allen failed to establish that she had actual care, control, and possession of J.A.T. for at least six months ending no more than 90 days before she filed this original SAPCR.  Because Allen lacked standing when she initiated this suit, she could not intervene in it.  We accordingly affirm the trial court's orders dismissing her original petition and denying her leave to intervene.

/s/    Tracy Christopher
        Justice

Panel consists of Justices Boyce, Christopher, and Jamison.