**IN the INTEREST OF J.N.L., a Child**

**NO. 14-16-00325-CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed August 10, 2017

---

238

Seth Herschel Kretzer, Houston, for Appellant.

Hal Davis Hale, William Britton Hall, Houston, for Appellee.

Panel consists of Justices Boyce, Jamison, and Brown.

## OPINION

Martha Hill Jamison, Justice

In this appeal from a final judgment in a suit to change the name of a child, appellant Eriberto Lopez complains that the trial court's order granting the name change request is not supported by sufficient evidence and the trial court abused its discretion in excluding evidence relevant to its determination that a name change was in J.N.L.'s best interest. We conclude that the trial court did not abuse its discretion in granting the name change because its finding that the name change is in the child's best interest is supported by legally and factually sufficient evidence and Lopez did not preserve error on his evidentiary complaints. We affirm.

### *Background*

Lopez was married to Jessica Martinez Rivera, and they are the parents of nine-year-old J.N.L. Lopez is currently incarcerated after being convicted for aggravated robbery. His parole recently was denied. He is a registered sex offender due to a prior conviction for aggravated sexual assault of a child when he was seventeen.

Rivera is now married to John Rivera. She filed a petition requesting a name change for J.N.L. alleging that Lopez is incarcerated, J.N.L. wants to change her last name to Rivera, and changing J.N.L.'s name to the same last name as the rest of J.N.L.'s siblings would "add unity to" the family.[1]

---

1. Rivera alleged that changing J.N.L.'s name would give her the same last name as her brother and stepsister. At trial, she testified that J.N.L. would have the same last name as her "siblings."

In its findings of fact and conclusions of law, the trial court found that J.N.L. has had no contact with Lopez and she is unlikely to have any contact with him before she is an adult because his projected release date is in 2024. Rivera testified that J.N.L. will be eighteen years old then and that J.N.L. requested the name change.

Lopez participated in the trial via videoconference. The trial court sustained a relevance objection to Lopez's questions about Rivera's marital history and the likelihood that her current marriage would succeed.[2] The trial court signed an order granting the name change request and signed findings of fact and conclusions of law.

### Discussion

In two issues, Lopez complains that the trial court abused its discretion by granting the requested name change without sufficient evidence and by excluding· evidence relevant to some of the factors used to determine whether a name change was in J.N.L.'s best interest.

 We review a trial court's decision to change the name of a minor child for an abuse of discretion. *In re H.S.B.*, 401 S.W.3d 77, 81 (Tex. App.—Houston [14th Dist.] 2011, no pet.). "Insufficient evidence" is not an independent issue when the standard of review is abuse of discretion: sufficiency of the evidence is merely a factor to consider. *Id.* at 81–82. For a court to act within its discretion to change a child's name, however, the record must contain some evidence of a substantial and probative character to support the trial court's decision. *Id.* at 82. Accordingly, the abuse of discretion standard requires a two-pronged analysis: (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in applying its discretion under the appropriate legal authorities. *Id.*

As to the first prong, when reviewing for legal sufficiency, we consider the evidence in the light most favorable to the finding and indulge every reasonable inference that supports the challenged finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* at 827. A legal sufficiency challenge must be sustained when (1) the record shows a complete absence of evidence of a vital fact, (2) the court is barred from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact. *Id.* at 810.

In reviewing the factual sufficiency of the evidence, we consider all of the evidence and set aside the judgment only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). The factfinder is the sole judge of witnesses' credibility and the weight to be given their testimony. *City of Keller*, 168 S.W.3d at 819.

---

**2.** In its findings of fact and conclusions of law, the trial court stated that it also sustained a relevance objection to questions by Lopez about John Rivera's criminal history. The reporter's record of the trial does not reflect these questions or the trial court's ruling. In his motion for new trial, Lopez explained that he intended to show the court that John Rivera "is on parole for three aggravated robbery cases, and that he is an active gang-member." But there is no record of Lopez's having offered this evidence at trial. The motion for new trial was overruled by operation of law.

In Texas, the primary concern in determining whether to change a child's name is the child's best interest—not the interests of the parents. Tex. Fam. Code § 45.004(a)(1); *In re H.S.B.*, 401 S.W.3d at 83. Texas courts, including this court, have applied at least six non-exclusive factors to determine whether a name change is in a child's best interest. *In re H.S.B.*, 401 S.W.3d at 84. Courts are not required to attribute the same weight to each factor in a given case. *See id.* The significance of each factor depends on the facts of a case, so one or more factors may be irrelevant to a dispute. *See id.*

This court has considered the following factors: (1) whether the name change would reduce anxiety, embarrassment, inconvenience, confusion, or disruption for the child, which may include parental misconduct and the degree of community respect (or disrespect) associated with the name; (2) whether the name change would help the child identify with a family unit; (3) whether the parent bearing the name the child will have assures that she will not change her name in the future; (4) the length of time the child has used a name and the level of identity the child has with the name; (5) the child's preference; and (6) the parent's true motivations for requesting the name change.[3] *Id.*

Appellant agrees these factors are to be considered, but he argues that there is an additional "baseline rule"—a name should not be changed unless the original name is detrimental to the child—and that the trial court erred by failing to make this finding. Although Texas cases cite this consideration, *see id.* at 83, section 45.004(a)(1) requires only that the name change be in the best interest of the child. Tex. Fam. Code § 45.004(a)(1). We conclude that the trial court is not required to make a separate finding that the original name is detrimental to the child.

Appellant further argues that the trial court's finding that the name change is in J.N.L.'s best interest is not supported by sufficient evidence and the trial court abused its discretion in excluding certain testimony relevant to some of the factors. We discuss each factor in turn.

**I. Anxiety, Embarrassment, Inconvenience, Confusion, or Disruption Associated with J.N.L.'s Given Name**

Lopez argues that Rivera presented no evidence suggesting the Lopez name causes J.N.L. anxiety or embarrassment. Although Rivera did not testify that J.N.L. is currently experiencing these feelings, Rivera testified that J.N.L. has been requesting a name change "[e]very day" for "a couple of years." From this, the trial court could infer that J.N.L. experiences some level of discomfort with her current name. Courts have also looked to the potential anxiety that a child might experience resulting from the reputation associated with a particular surname. *See In re M.C.F.*, 121 S.W.3d 891, 898 (Tex. App.—Fort Worth 2003, no pet.) (comparing the reputations of the original and the changed name).

Lopez was incarcerated for a violent crime and is a sex offender. Although Lopez is a common name, the trial court could have inferred that having her father's surname name could cause J.N.L. to experience anxiety and embarrassment. *See id.* Moreover, the trial court was not required to take complicated inferential steps to determine that the Lopez name

3. We rejected three factors that have been applied by other courts because they are unrelated to the child's best interest: embarrassment or inconvenience for the custodial parent, delay in requesting or objecting to a name change, and a parent's financial support. *In re H.S.B.*, 401 S.W.3d at 84.

could cause inconvenience and confusion in a variety of contexts. J.N.L. could experience anxiety as a result of being the only Lopez in the Rivera household. *See Newman v. King*, 433 S.W.2d 420, 423 (Tex. 1968) ("[I]t would be humiliating, embarrassing, confusing, and, in reasonable probability, disruptive in his home life as well as his associations for [the child] to go by one name when all the members of his immediate family go by another name."). Simple tasks such as picking J.N.L. up from school or taking her to a doctor's appointment may be difficult because of the different last names between J.N.L. and her mother. *See In re S.M.-R.*, No. 02-15-00287-CV, 2016 WL 6900902, at *3 (Tex. App.—Fort Worth Nov. 23, 2016, no pet.) (mem. op.) (noting avoiding obstacles in securing insurance for a child with a different last name served child's best interests); *see also In re A.E.M.*, 455 S.W.3d 684, 691 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (noting custodial parent "most often take[s] the child to the doctor, ... out in public, and ... to school"). Lopez cannot help with these kinds of tasks while he is in prison, and he is not scheduled to be released until J.N.L. is eighteen years old.

Lopez argues, however, that evidence of John Rivera's criminal history and past incarceration would have established this factor as neutral. As discussed above, we have no record that this evidence was offered during trial, although the trial court stated in its findings and conclusions that it sustained relevance and hearsay objections to this evidence at trial.

It was Lopez's burden to furnish this court with a record that supports his allegations. *See Appleton v. Appleton*, 76 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Generally, when part of the record has been omitted, we must presume the omitted portions are relevant and support the trial court's judgment.[4] *Mason v. Our Lady Star of Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Maxim Crane Works, L.P. v. Berkel & Co. Contractors, Inc.*, No. 14-15-00614-CV, 2016 WL 4198138, at *1 (Tex. App.—Houston [14th Dist.] Aug. 9, 2016, pet. denied) (mem. op.). It is not clear whether some portions of this record were omitted or whether the trial court's statement in its findings and conclusions was inaccurate. However, to preserve error on his complaint as to the exclusion of evidence, Lopez was required to show that he proffered the evidence and made an offer of proof showing the nature of the evidence specifically enough so that the trial court could determine its admissibility. *See In re N.R.C.*, 94 S.W.3d 799, 806 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Based on the record before us, we must presume that Lopez did not do so. *See Maxim Crane Works*, 2016 WL 4198138, at *2 (requiring complaining party to demonstrate "that it raised its complaints below in one of the prescribed ways to preserve error").

Viewing the record in the light most favorable to the ruling, we conclude this factor weighs at least slightly in favor of the name change.

### II. Name that Would Help J.N.L. Identify with Her Family

4. An exception, inapplicable here, applies when an appellant includes in his request for the reporter's record a statement of the issues to be presented on appeal, which limits the issues to be presented on appeal and notifies the other parties that the appellate court will presume the designated portions of the record constitute the entire record for reviewing the stated issues. *Mason v. Our Lady Star of Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Sharing a last name with a sibling or half sibling is relevant to determining whether a surname should be changed. *See In re A.E.M.*, 455 S.W.3d at 691; *see also In re H.S.B.*, 401 S.W.3d at 87. This factor also favors one name over another when the noncustodial parent does not maintain a significant relationship with the child. *See In re H.S.B.*, 401 S.W.3d at 87.

Lopez argues the evidence does not strongly favor Rivera's assertion that the name change would help J.N.L. identify with the Rivera family unit, but J.N.L. lives with the Riveras full-time and does not have any contact with Lopez.[5] Additionally, J.N.L.'s siblings bear the Rivera name. Accordingly, the trial court could reasonably conclude that giving J.N.L. the same last name as her siblings would more strongly associate her with a family unit. *Cf. In re A.E.M.*, 455 S.W.3d at 691 (concluding that giving child noncustodial parent's name would not "more strongly associate [him] with a family unit").

Lopez argues, however, that evidence of Rivera's "family history, number of marriages, and duration of her current marriage" would have tipped the scale away from favoring a name change under this factor and that the trial court abused its discretion in excluding such testimony.[6] But Lopez failed to make an offer of proof of this excluded evidence, so he did not preserve error on this complaint. *See In re N.R.C.*, 94 S.W.3d at 806.

Even without this evidence, Lopez argues that the dearth of information regarding the "strength of the family" shows that this factor does not weigh strongly in favor of a name change. Rivera, however, testified that everyone else in the household has the name "Rivera" and changing J.N.L.'s name would help her identify with the family unit. We conclude this factor weighs in favor of the name change.

**III. Assurances of No Future Name Changes by Rivera**

Lopez argues that this factor disfavors the name change because Rivera did not make assurances that she would keep the Rivera name in the future. Texas courts have concluded it is in a child's best interest to discourage further anticipated name changes. *In re H.S.B.*, 401 S.W.3d at 87. Consequently, whether a parent has made assurances that she will not change her name again in the future is relevant to our analysis. *Id.*

Rivera offered no evidence that she would not change her surname in the future. Lopez argues that because he testified Rivera was "married at least three times before," this factor weighs against the name change. However, Lopez offered no evidence as to whether Rivera had changed her name each time she married. It would have been reasonable for the trial court to conclude this factor does not favor either party.

**IV. Length of Time and Level of Identity Associated with Name**

The longer a child has had a certain surname, the less likely a name change would be in her best interest. *See*

5. Lopez argues that he loves J.N.L. and Rivera has prevented him from having access to her. The trial court, as the sole judge of the credibility of the evidence, was able to take this into consideration when considering this factor. *See City of Keller*, 168 S.W.3d at 819.

6. We note that the trial court allowed Lopez, who appeared pro se, to make a statement at the end of trial in which he said Rivera had been married "at least three times." While this fact may have some bearing on the stability of the family unit, it does not change the fact that J.N.L.'s custodial parent and siblings all bear the name "Rivera" and J.N.L. does not interact with Lopez.

*id.* at 87-88. However, the child's age, in and of itself, does not determine whether this factor weighs in favor or against the name change. It must be considered alongside the level of identity a child has with the name. *See In re Guthrie,* 45 S.W.3d 719, 726 (Tex. App.—Dallas 2001, pet. denied) (weighing factors). Accordingly, the fact that J.N.L. is nine-years-old must be considered in conjunction with her level of identity with the Lopez name.

Lopez argues Rivera did not present any evidence as to the level of identity that J.N.L. associates with the Lopez name. Rivera testified, however, that J.N.L. has had no contact with Lopez since he went to prison.[7] Rivera testified that J.N.L. was mature enough to understand the significance of changing her name and asked "[e]very day" for her name to be changed to Rivera. This evidence supports the inference that J.N.L. associates with the Lopez name little, if at all, despite the fact that she has had that name for nine years, and thus this factor weighs in favor of the name change.

## V. Child's Preferences

A child's preference is "an extremely significant factor for older children" such as J.N.L. *See In re H.S.B.,* 401 S.W.3d at 88 (citing *Scoggins v. Trevino,* 200 S.W.3d 832, 841 (Tex. App.—Corpus Christi 2006, no pet.) (finding no abuse of discretion in changing name in part because nine-year-old child preferred to change her name), and *In re A.C.B.,* No. 14-99-01379-CV, 2001 WL 931567, at *1 (Tex. App.—Houston [14th Dist.] Aug. 16, 2001, no pet.) (mem. op.) (finding no abuse of discretion in retaining mother's surname in part because "the intelligent and articulate eight-year-old expressed a desire not to change her name")). Rivera testified that J.N.L. wanted her name changed and had been asking for the name change "[e]very day" for "a couple of years." Rivera also testified that J.N.L. was mature enough to understand the significance of the name change.[8] We conclude this factor weighs heavily in favor of the name change.

## VI. Motives of Parents

Lopez argues that the name change petition was an attempt by Rivera to alienate J.N.L. from Lopez. Lopez testified that he believed Rivera was "keeping [J.N.L.] from [him]" because Rivera moved and did not provide Lopez with an updated address. Concomitantly, in light of Rivera's testimony that J.N.L.'s siblings were named Rivera and J.N.L. wanted the name change, the trial court reasonably could have inferred that Rivera requested the name change to strengthen J.N.L.'s relationship with the family with which she resided. We do not agree with Lopez that this factor weighs against the name change. This factor is at least neutral or weighs slightly in favor of the name change.

## *Conclusion*

Rivera, as the parent seeking the name change, was required to present some evidence of a substantial and probative character that the change would be in J.N.L.'s best interest. *See id.* We conclude that she did so with respect to five of six factors: (1) J.N.L. could experience feelings of anxiety,

7. Rivera testified that Lopez had not attempted to contact her or J.N.L. Lopez stated that he had attempted to do so many times, but he felt that Rivera was keeping J.N.L. away from him. The trial court was able to consider this evidence in weighing the factors.

8. Lopez argues that the only indication J.N.L. wanted to change her name is the fact that she signed the trial court's order granting the name change. However, the record does not reflect that J.N.L. signed the order.

embarrassment, inconvenience, confusion or disruption from bearing the Lopez name; (2) having the Rivera name would help J.N.L. identify with the family she lives with; (3) J.N.L. does not identify with the surname she has had for nine years; (4) J.N.L. wants her name changed; and (5) Rivera did not request the name change because of personal motives. Weighing the factors and construing the evidence in the light most favorable to the judgment, we conclude Rivera presented legally and factually sufficient evidence to support the trial court's finding that the name change was in J.N.L.'s best interest. Accordingly, the trial court did not abuse its discretion in granting Rivera's name change petition.

We overrule Lopez's appellate issues and affirm the judgment of the trial court.