**Affirmed and Memorandum Opinion filed April 2, 2019.**



In The

# Fourteenth Court of Appeals

---

### No. 14-18-00494-CV

---

## SANDRA MAGALLANES, Appellant

## V.

## HILDA WADSWORTH, Appellee

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2015-65970**

---

## M E M O R A N D U M   O P I N I O N

In her appeal from the judgment rendered after a jury trial in a personal-injury case, defendant Sandra Magallanes contends that the trial court reversibly erred in admitting affidavit testimony regarding the necessity for, and reasonable expenses of, plaintiff Hilda Wadsworth's medical treatment.

To prevail on appeal, Magallanes must show not only that the trial court erred in admitting the challenged affidavits, but also that the erroneously admitted

evidence probably resulted in the rendition of an improper judgment. *See Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). "Typically, a successful challenge to a trial court's evidentiary rulings requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted." *Id.* To perform the required harm analysis, we must "evaluate the entire case from voir dire to closing argument, considering the evidence, strengths and weaknesses of the case, and the verdict." *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 236 (Tex. 2011). The reporter's record before us, however, contains only a pretrial hearing on a motion in limine, a mid-trial bench conference on Magallanes's objections to the proffered affidavits, and a volume of trial exhibits.

A partial reporter's record sometimes suffices to show harmful error. If the parties have filed a written stipulation agreeing on the contents of a partial record, then we will presume that the agreed record contains "all evidence and filings relevant to the appeal." TEX. R. APP. P. 34.2. The parties also have the option to file an agreed statement of the case. *See* TEX. R. APP. P. 34.3. Even without an agreement between the parties, an appellant can request a partial reporter's record and "include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." TEX. R. APP. P. 34.6(c)(1). But in the absence of an agreement between the parties or a statement of the appellant's issues to be presented on appeal, "we must presume that the omitted portions of the record are relevant and would support the judgment." *Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 822 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Because the record before us does not contain the parties' agreement to a partial reporter's record, an agreed statement of the case, or a statement of Magallanes's issues to be presented on appeal, we must presume that the material

omitted from the reporter's record supports the trial court's judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (per curiam) ("There is no question that, had Bennett completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment."). We accordingly presume that the properly admitted evidence omitted from the reporter's record supports the judgment. In light of this presumption, we express no opinion as to whether the properly admitted evidence includes the challenged affidavits.

Because the record before us does not support Magallanes's arguments for harmful error, we affirm the trial court's judgment.

/s/ Tracy Christopher
   Justice

Panel consists of Justices Christopher, Hassan, and Poissant.

3