

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-20-00347-CV

**IN THE INTEREST OF E.A.C.**

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-06011
Honorable Aaron Haas, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: April 27, 2022

AFFIRMED

Claudia O.[1] appeals from the trial court's June 4, 2020 order in a suit to modify the parent-child relationship. We affirm.

### BACKGROUND

E.A.C., the child who is the subject of this suit, will be eighteen years of age in September 2022. At the time Claudia O. filed her petition to modify the parent-child relationship, she and Nathan C. were named as joint managing conservators. In response to Claudia O.'s modification suit, Nathan C. filed a counter-petition to modify the parent-child relationship. On August 23, 2019, the jury trial began. The jury found that joint managing conservatorship should be replaced

---

[1]To protect the identity of the minor child, we refer to the parties by fictitious names, initials, or aliases. *See* Tex. Fam. Code § 109.002(d).

by sole managing conservatorship and that Nathan C. should be appointed as sole managing conservator of E.A.C. On June 4, 2020, the trial court signed an order in conformity with the jury's verdict. In its order, the trial court also denied Claudia O.'s motion for enforcement. Claudia O. appeals.

## DISCUSSION

On appeal, Claudia O. has filed a pro se brief and states her appellate issues as follows:

(1) Whether the trial court committed reversible error by not protecting the child from harm and not entering judgment in the best interest of the child.

(2) Whether the trial court committed reversible error by entering a judgment depriving [Claudia O.] of her protected parental rights under the 14th Amendment [to] the Constitution.

(3) Whether the trial court committed reversible error by entering judgment denying the motion for enforcement asserted by [Claudia O.] where the evidence presented in this case establishes as a matter of law that Nathan [C.] violated the court order by failing to comply with . . . [the trial court's] temporary order and other orders.

(4) Whether the trial court erred in ignoring critical, factual evidence presented at [a] hearing to support the judgment of the court.

(5) Whether the trial court erred in following Texas duties.

In reviewing her brief, we construe her first, third, and fourth issues as attacking the sufficiency of the evidence to support certain findings in the trial court's order. Claudia O., however, did not file a complete reporter's record in this appeal. With her notice of appeal, Claudia O. filed an affidavit of inability in the trial court. In response, the multiple court reporters responsible for filing the reporter's record in this appeal filed a motion to require Claudia O. to prove her inability to afford costs of court. After a hearing, the trial court found that Claudia O. is able to afford costs of court. Claudia O. did not appeal this finding by the trial court. Instead, she requested that the court reporters file only excerpts from the trial and other hearings.

After Claudia O. filed her appellant's brief, Nathan C. filed in this court a Motion to Dismiss and/or Affirm the Trial Court's Judgment or Alternatively Require Appellant to Re-Brief. In his motion, Nathan C. complained that only a partial reporter's record has been filed in this appeal and that Claudia O. failed to comply with Texas Rule of Appellate Procedure 34.6(c). In our February 16, 2022 order, we explained that rule 34.6(c)(1) permits an appellant to request a partial reporter's record if she includes in the request a statement of the points or issues to be presented on appeal. TEX. R. APP. P. 34.6(c)(1). The appeal "will then be limited to those points or issues." *Id*. However, "[a]ny other party may designate additional exhibits and portions of the testimony to be included in the reporter's record." *Id*. 34.6(c)(2). We explained in our order that if this process is followed, the appellate court presumes the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated issues. *Id*. 34.6(c)(4). However, strict compliance with rule 34.6(c) is necessary to activate the presumption that the omitted portions of the record are irrelevant. *Tull v. Tull*, 159 S.W.3d 758, 761 (Tex. App.—Dallas 2005, no pet.).

In his motion to dismiss, Nathan C. argued Claudia O. did not comply with rule 34.6(c)(1) because she did not include in her request for a partial reporter's record a statement of points or issues to be presented on appeal. Thus, he argued he was unable to determine whether a partial reporter's record was sufficient. In our February 16, 2022 order, we agreed with Nathan C. that Claudia O. did not comply with rule 34.6(c) and thus the presumption under rule 34.6(c)(4) did not apply. However, in the interest of justice, we declined to dismiss Claudia O.'s appeal and allowed her to request, on or before February 28, 2022, the complete reporter's record of the specific trial court proceedings she felt were necessary to her appeal. We explained that failure to file a complete reporter's record would result in a presumption that any omitted portions of the record are relevant and would support the trial court's order in this case. *See Mason v. Our Lady*

*Star of the Sea Catholic Church*, 154 S.W.3d 816, 822 (Tex. App.—Houston [14th Dist.] 2005, no pet.). We further ordered Claudia O. to file a copy of her request for a reporter's record in this court on or before February 28, 2022. We explained that if she failed to comply with our order, this appeal would be submitted to the panel with a partial reporter's record, and her failure to file a complete reporter's record would result in a presumption that any omitted portions of the record are relevant and support the trial court's order. *See id.*

Claudia O. did not respond to our order. Therefore, we submitted this appeal to the panel with a partial reporter's record. Because Claudia O. failed to respond to our order, we must presume that any omitted portions of the record are relevant and would support the trial court's order in this case. *See id.* Accordingly, we must presume that sufficient evidence supports the trial court's findings and overrule her first, third, and fourth issues.

In her second issue, Claudia O. argues that the trial court "committed reversible error by entering a judgment depriving [her] of her protected parental rights under the 14th Amendment [to] the Constitution." According to Claudia O., "no court ha[s] found that [she] was an unfit parent." She cites *Troxel v. Granville*, 530 U.S. 57 (2000), for the proposition that fit parents are presumed to act in the best interest of their children. *Troxel* concerned a Washington statute that provided any person could petition a court at any time for visitation of a child. *Id.* at 61. In the context of paternal grandparents seeking visitation of a grandchildren following the death of the father, the Supreme Court held that the Washington statute violated the mother's substantive due process rights. *Id.* at 72. In doing so, the Court noted that "there is a presumption that fit parents act in the best interests of their children." *Id.* at 68. The Court emphasized that the paternal grandparents had not alleged, and no court had found, that the mother was an unfit parent. *Id.*

*Troxel*, however, does not apply to this case. This case concerns a custody dispute between two parents, not a dispute between one parent and a nonparent. Thus, Claudia O.'s reliance on

*Troxel* is misplaced. We note that Claudia O. also cites law regarding the termination of parental rights. However, Claudia O.'s parental rights were not terminated in this case. We find no merit to Claudia O.'s argument that her constitutional rights were violated.

In her fifth issue, Claudia O. argues that the "trial court err[ed] in following Texas duties." Specifically, she argues the trial court did not intervene "in protecting the child from further parental alienation." She also argues that the trial court "neglected E.A.C. by . . . leaving [him] in a situation where the child would be exposed to a substantial risk of physical harm or mental harm." As noted previously, the record does not support her assertions, and we must presume the omitted portions of the record support the trial court's order. *See Mason*, 154 S.W.3d at 822.

Finally, Claudia O. argues that the trial court erred in allowing expert testimony by Dr. Richard Theis. Once again, because only a partial reporter's record has been filed, we must presume the omitted portions of the record support the trial court's ruling. *See id*.

We affirm the trial court's June 4, 2020 order in a suit to modify the parent-child relationship.

Liza A. Rodriguez, Justice