**Opinion issued February 7, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-01010-CV

————————————

## MACARINA GARCIA AND JUAN FIGUEROA, Appellants

## V.

## ELI GAVRIEL SASSON, SENIOR, Appellee

On Appeal from the 11th District Court
Harris County, Texas
Trial Court Case No. 2012-12595

# O P I N I O N

Appellants, Macarina Garcia and Juan Figueroa (collectively, "Garcia"), brought suit against appellee, Eli Sasson, for fraud, breach of contract, and other causes of action related to their lease of a lot in Sasson's mobile home community. A jury found in favor of Sasson, and the trial court rendered judgment that Garcia

take nothing. Garcia filed a motion for new trial on the basis that the jury's findings were against the great weight of the evidence, which the trial court denied. In her sole issue on appeal, Garcia contends that the trial court erred in denying her motion for new trial because the jury's answers to the fraud and breach of contract questions were against the great weight of the evidence.

We affirm.

## Background

Sasson is the owner and operator of the West Houston Mobile Home Community. The land where the community is located is subject to an easement held by the Harris County Flood Control District ("HCFCD"). Garcia leased lot 28C from Sasson on May 21, 2010, and Garcia's family moved onto the property in June 2010.

On April 11, 2011, HCFCD sent Sasson a letter notifying him that HCFCD was scheduling a construction project that required use of the easement. The letter stated that many fences and mobile homes were encroaching on the easement. The letter further stated, "If the encroachments remain at the time of construction, the [HCFCD's] contractor will remove them, place them on your property, and not be responsible for damages." Sasson disputed the boundaries of the easement. He sent a series of emails and other communications to HCFCD personnel pointing to

2

historical surveys and deed descriptions that he claimed contradicted HCFCD's assessment of the location of its easement.

On April 18, 2011, a week after Sasson received the notice from HCFCD, Garcia renewed her lease for lot 28C. Garcia alleged that Sasson did not inform her of HCFCD's plan to use the easement at this time.

By November 2011, HCFCD had conducted a survey and marked the easement using orange plastic fencing and other markers. Garcia asserts in her brief that a sheriff's deputy told her and other residents that they had to vacate the fenced-off premises, and, at some point, she moved. Nothing in the record provides a precise date for when Garcia moved.

On December 1, 2011, HCFCD sent another letter to Sasson informing him that the boundaries of the easement area had been newly resurveyed and marked by survey stakes and stating that the maintenance and repair work had progressed to the point that Sasson needed to remove the encroachments from the easement or HCFCD would file a suit against him. Also on December 1, 2011, Garcia's attorney sent a letter to Sasson notifying him of Garcia's claim against him under the Texas Deceptive Trade Practices Act based on her complaints arising from HCFCD's construction on the easement, which had affected her lot. Sasson informed Garcia's attorney that he was in the process of disputing the boundaries of the easement with HCFCD and that he had never asked Garcia to move out,

3

stating, "If we would have known [she] wanted to move or relocate we could move [her] to [an]other Lot or to our other park with a mover we associate with."

Garcia filed suit on February 29, 2012, alleging that Sasson had engaged in deceptive trade practices, committed common law and statutory fraud, made negligent misrepresentations, and breached their lease agreement. She also alleged unjust enrichment and sought restitution. Garcia's allegations were based on the lease agreement between herself and Sasson, alleging that he had leased Garcia a lot that was subject to an easement owned by HCFCD.

On March 9, 2012, a surveyor hired by Sasson issued a Final Survey Report regarding the disputed easement boundary. The Report stated that "based on the documents and plats provided by [Sasson], [HCFCD], and [the engineers on the project], [and] the evidence of preexisting encroachments prior to [Sasson's] purchase of the property, . . . [I] determined that the easement in question still has discrepancies and errors which would need to be rectified by [the engineers] and [HCFCD]." However, the surveyor also cited the lack of time to fully research the issue and the expense involved and stated, "Consequently, I suggested to Mr. Eli Sasson that it would be in his best interest to remove any and all of the alleged encroachments outside of the easement area and to comply with all of the requests of the Project Manager . . . to avoid any legal actions."

Sasson subsequently answered Garcia's suit with a general denial and then filed a counterclaim asserting that Garcia had breached the lease by failing to provide him notice prior to moving off the lot. Garcia then filed a motion for summary judgment, which the trial court denied. She also filed requests for admission that Sasson failed to answer.

The trial court conducted a jury trial on August 18 through 20, 2015. The jury returned a verdict in Sasson's favor.[1] The court rendered judgment that Garcia take nothing from Sasson. Garcia then filed a motion for JNOV on the basis that her requested admissions from Sasson were deemed admitted because he failed to timely respond. In the alternative, Garcia moved for a new trial on the basis that the jury's findings were against the great weight of the evidence. In response, Sasson filed a motion to withdraw the alleged deemed admissions. The trial court granted Sasson's motion and denied both of Garcia's motions.

Following the trial court's denial of her post-judgment motions, Garcia requested a partial reporter's record. The request itself is not included in the record

---

[1] The jury found the following: (1) Sasson did not commit common law fraud or statutory fraud; (2) Sasson did not engage in any false, misleading, or deceptive acts or practices that Garcia relied on to her detriment; (3) Sasson did not engage in any unconscionable action or course of action that caused damages to Garcia; (4) Sasson did not make a negligent misrepresentation on which Garcia relied; (5) Sasson complied with the lease agreement; (6) Garcia failed to comply with the lease agreement; and (7) Garcia did not suffer any economic losses from moving her mobile home. However, the jury's verdict was not included in the record on appeal—it was attached as an appendix to Garcia's brief.

5

on appeal,[2] but the appellate record that was filed includes: (1) the original and renewal lease agreements between Garcia and Sasson; (2) land survey reports; (3) HCFCD's business records, and emails and letters written to Sasson; (4) Sasson's special warranty deed for the mobile home park; (5) receipts for Garcia's moving and improvement expenses; (6) Garcia's pay stubs; and (7) Garcia's photos during HCFCD's construction. The record does not contain all of the exhibits from trial or the trial transcripts. Finally, in her notice of appeal, Garcia stated that she "desire[d] to appeal on deemed admissions and on other grounds."

## Sufficiency of the Evidence

In her sole issue on appeal, Garcia argues that the trial court erred in denying her motion for new trial because the jury's answers to the breach of contract questions were against the great weight of the evidence. Sasson, however, argues that Garcia failed to comply with Texas Rule of Appellate Procedure 34.6(c),

---

[2] Garcia included the "Appellant's Designation of Items to Be Included in the Reporter's Record" as an appendix to her brief. This document sets out the portions of the reporter's record requested, including the exhibits listed above and the trial transcript for the jury charge conference, and it states that Garcia anticipated presenting issues on appeal regarding the trial court's denial of summary judgment for Garcia based on Sasson's deemed admissions, the trial court's inclusion of a jury instruction on Sasson's affirmative defense of prior breach, and the trial court's denial of her JNOV "since the evidence established that [Garcia was] entitled to judgment as a matter of law on [her] claims for Breach of Contract and Statutory Fraud." However, documents attached as appendices are not part of the appellate record and cannot be considered by this Court.

6

governing the filing of a partial reporter's record, and that Garcia otherwise failed to bring forth a complete record showing reversible error by the trial court. He therefore argues that Garcia cannot meet her burden to show that the jury's verdict was against the great weight of the evidence.

## A. Rule 34.6(c) Presumption Does Not Apply to Garcia's Complaints on Appeal

Garcia argues in her reply brief that she properly requested a partial reporter's record.

An appellant can request a partial reporter's record and "include in the request a statement of points or issues to be presented on appeal and will then be limited to those points or issues." TEX. R. APP. P. 34.6(c)(1). A general notice of an appellant's stated points or issues is insufficient to satisfy Rule 34.6(c)(1)'s requirements. *See Wheeler v. Greene*, 194 S.W.3d 1, 5 (Tex. App.—Tyler 2006, no pet.); *Gardner v. Baker Botts, L.L.P.*, 6 S.W.3d 295, 297 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (construing former Rule of Appellate Procedure 53(d), predecessor to Rule 34.6(c)). The points or issues should be described with some particularity. *See Gardner*, 6 S.W.3d at 297; *see also Wheeler*, 194 S.W.3d at 5 (holding that appellant's issues were "so broad in scope" that court could not "conclude that [appellant] complied with Rule 34.6(c)").

The statement of points or issues limits the issues to be presented on appeal and puts the other parties on notice that the appellate court will presume the

designated portions of the record constitute the entire record for reviewing the stated issues. TEX. R. APP. P. 34.6(c)(1) (requiring that statement of points or issues be included with request for partial reporter's record and stating that appellant "will then be limited to those points or issues"); *Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.). This allows the other parties an opportunity to request any additional portions of the record they believe are relevant to the issues presented. *Mason*, 154 S.W.3d at 819; *see also* TEX. R. APP. P. 34.6(c)(2) (providing that other parties may designate additional exhibits and portions of testimony to be included in record). The statement of the issues on appeal need not be included in the request for the reporter's record as long as the statement is filed in time for the other parties to designate any additional, relevant portions of the record and to prepare their appellate briefs. *Mason*, 154 S.W.3d at 819 (citing *Bennett v. Cochran*, 96 S.W.3d 227, 228–30 (Tex. 2002) (per curiam)); *see also Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 377 (Tex. 2001) (stating that issue statement in separate notice provided same day as appellant requested partial reporter's record was sufficient for purposes of Rule 34.6(c)).

When an appellant properly requests a partial reporter's record pursuant to Rule 34.6(c), we must "presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or

issues." TEX. R. APP. P. 34.6(c)(4). This presumption applies "even if the statement includes a point or issue complaining of the legal or factual insufficiency of the evidence to support a specific factual finding identified in that point or issue." *Id.* However, nothing in Rule 34.6(c) relieves an appellant of her ultimate burden to bring forth a record showing reversible error. *See Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)) (providing that appellant bears burden to provide sufficient record to show trial court's error). If properly complied with, Rule 34.6(c) merely prevents the application of the general presumption that any missing portions of the record support the trial court's judgment in favor of a presumption that the partial record submitted by the parties includes all portions of the record relevant to the enumerated points or issues to be presented on appeal. *See* TEX. R. APP. P. 34.6(c)(4); *see also Bennett*, 96 S.W.3d at 230 (providing that, absent complete record on appeal, court of appeals must presume that omitted items support trial court's judgment) (quoting *Gallagher v. Fire Ins. Exchange*, 950 S.W.2d 370, 371 (Tex. 1997)).

Thus, in the absence of a statement of appellant's issues to be presented on appeal, "we must presume that the omitted portions of the record are relevant and support the trial court's judgment." *Mason*, 154 S.W.3d at 820.

Here, the record does not include a copy of Garcia's request for the reporter's record. She included in her notice of appeal a statement that she "desire[d] to appeal on deemed admissions and on other grounds." *See Bethune*, 53 S.W.3d at 377 (stating that issue statement in separate notice was sufficient to invoke presumption that partial reporter's record constituted entire record for purpose of reviewing stated issue). Thus, Garcia is entitled only to the presumption that the partial reporter's record is complete for purposes of reviewing the stated issue—the trial court's rulings regarding deemed admissions. However, on appeal, Garcia raises only legal and factual sufficiency complaints, asserting that no reasonable jury could have concluded that Sasson did not commit fraud and breach their contract. This issue was not included in her statement of points, and, thus, we must presume that any omitted portions of the record are relevant and would support the judgment. *See Mason*, 154 S.W.3d at 820.

Garcia argues in her reply brief that she complied with Rule 34.6(c), referencing statements included in a document titled "Appellant's Designation of Items to Be Included in the Reporter's Record" that was attached as an appendix to her reply brief. However, documents attached as appendices to briefs do not constitute part of the record of the case and cannot be considered by this Court on appeal. *Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 773 (Tex. App.—El Paso 2015, no pet.) ("Documents attached to a brief as an exhibit or

appendix, but not appearing in the appellate record, cannot be considered on appellate review."); *Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210–11 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see Samara v. Samara*, 52 S.W.3d 455, 456 n.1 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

Garcia further argues that Sasson can show no harm because he was able to supplement the record if he believed such supplementation was necessary on appeal. We reject this argument. The fact that Rule 34.6(c)(2) allows other parties to designate additions to the partial reporter's record does not relieve a party of her own burden, as the party asserting that the trial court erred, to either comply with the requirements of Rule 34.6(c) or to otherwise provide a record adequate to demonstrate error on the part of the trial court. *See Nicholson*, 226 S.W.3d at 583.

## B.    Partial Record Does Not Demonstrate Error

Garcia further contends in her reply brief that she brought forward a record sufficient for this appeal and that the record shows that the jury's answers were against the overwhelming weight of the evidence. She argues, "The overwhelming weight of the evidence indicates that [Sasson] entered into a lease with [Garcia] for a lot for a mobile home even though [Sasson] knew that [Garcia] would not be able to use her lot for a mobile home."

11

To prevail on her fraud claim, Garcia was required to prove that Sasson (1) made a material representation (2) that was false, (3) that when Sasson made the representation, he knew it was false, (4) that Sasson made the representation with the intent that Garcia should act upon it, (5) that Garcia acted in reliance on the representation and (6) suffered injury. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). To prevail on her breach of contract claim, Garcia was required to prove (1) the existence of a valid contract, (2) her own performance or tendered performance, (3) Sasson's breach of the contract, and (4) her damages sustained as a result of the breach. *See B&W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). "A breach of contract occurs when a party fails or refuses to do something he has promised to do." *Id.*

The partial record demonstrates that HCFCD asserted its interest in the easement, that Sasson was aware of HCFCD's intent to conduct construction on the easement as early as April 2011, and that he disputed the boundaries of the easement. The letter from HCFCD to Sasson dated December 1, 2011, demonstrates that it did not require Sasson to remove all encroachments on the easement until that time—after Garcia had already moved and procured an attorney. The record indicates that Sasson did not receive his Final Survey Report—indicating that "the easement in question still has discrepancies and errors

which would need to be rectified by [the engineers] and [HCFCD]," but also suggesting that Sasson remove the alleged encroachments "to avoid any legal actions"—until March 2012, after Garcia had already filed the instant suit. And, the record demonstrates that when he was informed of Garcia's intent to sue, Sasson responded to her attorney by stating that he had never asked Garcia to move out and that if she had reported her intent to move to him, he would have helped her relocate to another lot.

The record, therefore, does not conclusively demonstrate that Sasson knew at the time he entered into the original lease or the lease renewal that he was making a false representation about the fitness of the mobile home lot for its intended use, as would be required to support Garcia's fraud claim. *See Italian Cowboy Partners, Ltd.*, 341 S.W.3d at 337. And, Garcia moved before HCFCD sent Sasson its December 1, 2011 notice to remove the alleged encroachments and without giving any notice to Sasson, so any damages resulting from her move were not, as a matter law, attributable to Sasson.[3]

---

[3] Garcia argues in her brief that the county prevented her from accessing her mobile home, but nothing in the record before us supports this assertion. None of her trial testimony on this matter was included in the appellate record. Garcia included pictures of the construction site showing orange fencing around various mobile homes, but nothing in the record explains whether those photos showed her own home or another, and nothing in the record establishes that either the orange plastic fencing or other barriers prohibited her from accessing her home.

Nor does the record establish all of the elements of Garcia's breach of contract claim. Although she proved the existence of a valid contract, nothing in the record demonstrates that she tendered performance to Sasson, that some action by Sasson prevented her from using her lot or required her to move, or that, once HCFCD required Sasson to remove the encroachments, Sasson failed or refused to do something he was obligated to do under the lease. *See Beckman*, 305 S.W.3d at 16.

Furthermore, because we cannot review the testimony offered or the entirety of the exhibits admitted into evidence at trial, we cannot say that the evidence was insufficient to support the jury's findings or that the trial court erred in rendering judgment on that verdict. Rather, we presume that the omitted portions of the record would support the jury's determinations. *See Mason*, 154 S.W.3d at 820.

We overrule Garcia's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Lloyd.

14