

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00006-CV
_____


CMR CONSTRUCTION & ROOFING OF AUSTIN, INC., Appellant

V.

LARRY ELLIOTT, Appellee


On Appeal from the 201st District Court
Travis County, Texas
Trial Court No. D-1-GN-10-000937



Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# M E M O R A N D U M   O P I N I O N

Larry Elliott sued CMR Construction & Roofing of Austin, Inc., for breach of contract, breach of fiduciary duty, and fraud. After a Travis County jury reached a verdict favorable to Elliott, the trial court entered a final judgment awarding him $22,000.00 in actual damages, $38,354.50 in attorney fees for trial counsel, conditional attorney fees for appellate counsel, and $307.00 in court costs.[1] On appeal, CMR argues that the trial court lacked jurisdiction to enter a final judgment and, alternatively, that the evidence is insufficient to support the amount of conditional appellate attorney fees awarded. We overrule both of CMR's points of error and affirm the trial court's judgment.

## I. The Trial Court Had Jurisdiction to Enter Its Final Judgment

CMR argues that the trial court's entry of a prior partial summary judgment deprived it of jurisdiction. We disagree.

Among other claims, Elliott sued CMR for its failure to allegedly pay over $100,000.00 owed under a partnership agreement formed to market construction services. CMR responded to Elliott's lawsuit by filing an affirmative defense of common-law fraud, which alleged that Elliott stole at least $28,039.98 from CMR by asking customers to pay him directly rather than pay CMR. CMR moved for partial summary judgment on its affirmative defense, which the trial court granted on July 9, 2014, after Elliott failed to respond. The judgment recited that it was a partial summary judgment and did not state that it disposed of all parties and all claims. On July 29, the parties

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Third Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

filed an agreed motion to reconsider the ruling because Elliott may not have been properly served with the motion for summary judgment. The next docket notation in our record shows that the trial court entered an August 20 order denying CMR's motion for partial summary judgment on its affirmative defense.

Although the language of the July 9 order made clear it was only a partial summary judgment, CMR argues that it was a final, appealable order because its motion requested "summary judgment on all issues, all claims, [and] all theories of damages." It also argues that the July 9 judgment was never vacated by the August 20 order.

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Twin Creeks Golf Grp., L.P. v. Sunset Ridge Owners Ass'n, Inc.*, No. 03-15-00763-CV, 2016 WL 368636, at *1 (Tex. App.—Austin Jan. 26, 2016, no pet.) (mem. op.) (alteration in original) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (footnote omitted)). "Because the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case." *Id.* (quoting *Lehmann*, 39 S.W.3d at 195). When making this determination, we will not "imply finality from anything less than an unequivocal expression." *Id.* (quoting *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding) (quoting *Lehmann*, 39 S.W.3d at 195); *see Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995) ("All parties and all issues before the trial court must be disposed of before a summary judgment becomes final and

3

appealable. . . . Although the plaintiffs had filed notice to nonsuit [a certain party], the appellate timetable could not be triggered until a signed, written order of the court dismissed him.").

Here, as in *Twin Creeks Golf Group*, "[t]he language of the trial court's partial summary judgment order supports that it is not final." *Twin Creeks Golf Grp., L.P.*, 2016 WL 368636, at *2 (citing *Lehmann*, 39 S.W.3d at 195). The July 9 judgment does not contain any language stating that it disposes of all parties and claims or that it is a final, appealable order. *See id.* It was titled as a partial summary judgment and stated, "All relief not expressly granted is DENIED." The trial court did not enter a take-nothing judgment for CMR after entering the July 9 order, and a review of the parties' live pleadings at the time shows that a summary judgment on CMR's fraud defense would not necessarily resolve Elliott's breach of contract claim. Even assuming the July 9 order was a final judgment, the parties timely filed a joint motion for reconsideration of the trial court's ruling, which gave the trial court plenary power to enter the August 20 judgment denying CMR's motion for summary judgment. *See* TEX. R. CIV. P. 329b(e).

Because we determine that the July 9 partial summary judgment order was not a final, appealable order, we conclude that the trial court had jurisdiction to proceed to a jury trial and enter the final judgment from which CMR appeals. We overrule CMR's first point of error.[2]

---

[2]Before the entry of the July 9 order, Elliott nonsuited several parties. In his Appellee's brief, Elliott opines that this Court may be without jurisdiction to hear this appeal because the trial court neither signed an order of nonsuit on these parties nor entered a severance order. Elliott's cited cases deal with the question of whether a summary judgment is final when a party nonsuits claims but the trial court fails to enter an order of nonsuit. *See Twin Creeks Golf Grp., L.P.*, 2016 WL 368636, at *1 (citing *Park Place Hosp.*, 909 S.W.2d at 510 (holding that an order of nonsuit dismissing the parties is needed to make a summary judgment final even when the plaintiff nonsuits all claims against the party)). The trial court's final judgment here, entered after a jury trial on the merits, recites that it disposes of all parties and all claims. Coupled with the timely notice of appeal, this gives us jurisdiction over CMR's appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 204 (Tex. 2001); *see also* TEX. R. APP. P. 25.1.

4

## II. We Presume the Omitted Record Supports the Awards of Conditional Appellate Attorney Fees

CMR does not contest the trial court's award of $38,354.50 in attorney fees for trial counsel. Instead, it complains of the following awards of attorney fees for appellate counsel contained in the final judgment:

> The Court further orders that if defendant unsuccessfully appeals this judgment to an intermediate court of appeals, plaintiff will additionally recover from defendant the amount of **$5,000.00**, representing the anticipated reasonable and necessary attorney fees that would be incurred by plaintiff in defending the appeal.

> . . . . The Court further orders that if defendant unsuccessfully appeals this judgment to the Texas Supreme Court, plaintiff will additionally recover from defendant the amount of **$10,000.00**, representing the anticipated reasonable and necessary attorney fees that would be incurred by plaintiff in defending the appeal.

Because the amount of conditional appellate attorney fees awarded was not submitted to the jury, CMR argues that "the trial court was not at liberty to simply make up a number to award on its own."

"In Texas, as in the federal courts, each party generally must pay its own way in attorney's fees." *Venture v. UTSW DVA Healthcare, LLP*, No. 16-0006, 2019 WL 1873428, at *8 (Tex. Apr. 26, 2019) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010); *Ashford Partners, Ltd. v. ECO Res., Inc.*, 401 S.W.3d 35, 41 (Tex. 2012)). That said, statutorily authorized attorney fees are available for breach of contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8). "When fee-shifting is authorized, whether by statute or contract, the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees." *Id.* "Both elements are questions of fact to be determined by the fact[-]finder." *Venture*, 2019 WL 1873428, at *12. "If trial attorney's fees are mandatory under section 38.001, then appellate attorney's fees are also

5

mandatory when proof of reasonable fees is presented." *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015) (citing *Gill Sav. Ass'n v. Chair King, Inc.*, 797 S.W.2d 31, 32 (Tex. 1990) (per curiam)).

CMR argues that the awards of conditional attorney fees must be reversed because the jury made no finding on the reasonableness or necessity of those fees. It was CMR's burden to supply us with a complete record demonstrating why the awards of conditional appellate attorney fees should be reversed. *See* TEX. R. APP. P. 34.6. Even so, CMR failed to request the reporter's record, only requested portions of the clerk's record, and did not file a statement of points or issues. *See* TEX. R. APP. P. 34.6(c)(1). "Absent a sufficient record, we must presume that the record contains evidence to support a judgment." *Wisard v. Koenig*, No. 03-13-00480-CV, 2015 WL 1778223, at *2 (Tex. App.—Austin Apr. 17, 2015, no pet.) (mem. op.); *see* TEX. R. APP. P. 34.6(c); *Garcia v. Sasson*, 516 S.W.3d 585, 593 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Gilbert v. Moseley*, 453 S.W.3d 480, 487 (Tex. App.—Texarkana 2014, no pet.) (citing *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (per curiam); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam)); *Williams Farms Produce Sales, Inc. v. R & G Produce Co.*, 443 S.W.3d 250, 257 (Tex. App.—Corpus Christi 2014, no pet.); *Mason v. Our Lady Star of Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

It is entirely possible that the omitted reporter's record would show that the parties agreed on the reasonableness and necessity of the conditional appellate attorney fees awarded. Such an agreement would remove the need for a fact-finding by the jury. On the partial record submitted

by CMR, we cannot conclude that the awards of conditional appellate attorney fees were unsupported by sufficient evidence. We overrule CMR's last point of error.

## III.   Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     May 16, 2019
Date Decided:       May 29, 2019