

NUMBER 13-18-00170-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JORGE ALBERTO RODRIGUEZ,                                    **Appellant,**

**v.**

LIZZETTE S. RODRIGUEZ,                                           **Appellee.**

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellee Lizzette S. Rodriguez filed for divorce against appellant Jorge Alberto Rodriguez. In his sole issue on appeal, Jorge argues that the trial court erred by denying his motion to enforce the Mediated Settlement Agreement (MSA). We affirm.

**I. BACKGROUND**

On September 2, 2015, Lizzette filed a petition for divorce in addition to a motion for a temporary restraining order. On September 10, 2015, after a mediation session, Jorge and Lizzette executed the MSA, which Jorge claims resolved all outstanding issues, including conservatorship, visitation, and financial support.[1] On October 30, 2015, the trial court rendered a temporary order, stating in part: "The parties have agreed to the terms of this order as evidenced by the signatures below." However, the order did not recite the terms of the MSA, and MSA was not attached to the temporary order. On April 8, 2016, Jorge filed a motion to enforce the MSA and for entry of judgment; however, the MSA was again not attached to the motion. The trial court concluded that the MSA was executed simply for purposes of temporary relief pending final resolution of the case, and it set the case for a bench trial.

The trial court rendered a judgment which is, according to Jorge, inconsistent with the MSA. The final divorce decree was signed on February 22, 2018; it makes no reference to the MSA. On March 19, 2018, Jorge filed a motion for new trial, but once again failed to attach the MSA. This appeal ensued.

On November 13, 2018, Jorge filed a motion with this Court seeking to supplement the appellate record with the MSA. We denied the motion because Jorge conceded that the MSA was never filed with the trial court. Jorge subsequently attached the MSA to his appellate brief.

## II. APPELLATE RECORD

In his sole issue, Jorge complains that the trial court erred by denying his motion to enforce the MSA.

---

[1] The MSA does not appear in the trial court record.

## A. Standard of Review and Applicable Law

"Documents attached to a brief as an exhibit or appendix, but not appearing in the appellate record, cannot be considered on appellate review." *Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 773–74 (Tex. App.—El Paso 2015, no pet.) (citing *Warriner v. Warriner,* 394 S.W.3d 240, 254 (Tex. App.—El Paso 2012, no pet.)); *see Garcia v. Sasson*, 516 S.W.3d 585, 591 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (noting that attaching documents to a brief does not constitute formal inclusion in the record on appeal, and those documents cannot be considered by the reviewing court); *Robb v. Horizon Cmtys. Improvement Ass'n, Inc.,* 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.) (same).

In civil cases, reversible error occurs when the complained-of error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting its case on appeal. *See* TEX. R. APP. P. 44.1.

## B. Analysis

Jorge challenges the trial court's denial of his motion to enforce the MSA; to support his argument, he attached the MSA to his appellate brief. More specifically, he argues that because the MSA satisfied the statutory requirements, he was "entitled to a judgment that conformed to the [MSA]." However, he concedes that the MSA is not part of the appellate record. And although Texas Rules of Appellate Procedure 34.5(c) authorizes appellate courts to supplement the record, it does not allow for the creation of a new trial court record. *See Graham v. Pazos De La Torre,* 821 S.W.2d 162, 165 (Tex. App.—Corpus Christi–Edinburg 1991, writ denied). Because the MSA was not admitted as evidence when the trial court made its ruling, allowing supplementation now

would create a new trial court record. *See Intermarque Auto. Prods., Inc. v. Feldman*, 21 S.W.3d 544, 547 n.3 (Tex. App.—Texarkana 2000, no pet.). Therefore, we cannot consider the MSA. *See* TEX. R. APP. P. 34.1, 34.5; *Garcia*, 516 S.W.3d at 591; *Hogg*, 480 S.W.3d at 773–74. Without the MSA before us, we cannot tell how or whether the MSA actually differs from the final decree. Accordingly, Jorge cannot demonstrate that he suffered harm or that any alleged error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1. We overrule his sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
25th day of July, 2019.