**Affirmed and Memorandum Opinion filed November 22, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00870-CV

---

**O.A.O., Appellant**

**V.**

**R.S.O., Appellee**

---

**On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2019-76763**

---

## MEMORANDUM OPINION

This is a pro se appeal from the trial court's final protective order under Title 4 of the Texas Family Code restricting appellant O.A.O.'s contact with appellee R.S.O., among others. On appeal, appellant primarily challenges the sufficiency of the evidence to support the trial court's factual findings underlying the protective order. Because appellant requested only a partial reporter's record but did not follow the procedures that would require we presume the partial record contains all of the relevant evidence and filings, we affirm the trial court's final protective

order.

## *Discussion*

The trial court initially granted appellee's request for an *ex parte* temporary restraining order and subsequently signed the final protective order. Appellant has filed several documents with this court challenging the trial court's orders, including two petitions for writ of mandamus that we denied in prior orders. *See In re O.A.O.*, No. 14-21-00215-CV, 2021 WL 1917844, at *1 (Tex. App.—Houston [14th Dist.] May 13, 2021, orig. proceeding); *In re O.A.O.*, No. 14-21-00099-CV, 2021 WL 925055, at *1 (Tex. App.—Houston [14th Dist.] Mar. 11, 2021, orig. proceeding). Although the present case is an appeal, appellant appears to have filed substantially the same document or brief that he filed in the two mandamus actions.[1] Among his arguments, appellant asserts that the trial court abused its discretion by entering the final protective order and threatening him with the loss of assets (presumably from being ordered to pay appellee's attorney's fees) in the absence of evidence proving the allegations against him; there was no proof either that appellee was in danger or that appellant had abused appellee in the past; the evidence is factually insufficient; and the trial court erred in excluding evidence. Except for the evidence-exclusion issue, each of these complaints turns on the sufficiency of the evidence supporting the trial court's findings underlying the order.[2] In regards to the evidence-exclusion issue, appellant does not identify the evidence he contends the trial court erred in excluding or where in the record he

---

[1] To the extent appellant is attempting to appeal the temporary restraining order, we have no jurisdiction to resolve complaints about a temporary order that has been superceded by a final protective order. *See Ford v. Harbour*, No. 14-07-00832-CV, 2009 WL 679672, at *2 (Tex. App.—Houston [14th Dist.] Mar. 17, 2009, no pet.) (mem. op.).

[2] Among its findings, the trial court determined that appellant had committed family violence and was likely to commit family violence in the foreseeable future and that the order was "necessary for the safety, welfare, and protection of the Protected Persons."

requested its admission. That issue is therefore inadequately briefed. *See* Tex. R. App. P. 38.1(i) (requiring that appellate briefs "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also Nguyen v. Pham*, 640 S.W.3d 266, 275 (Tex. App.—Houston [14th Dist.] 2021, pet. denied). We therefore turn to the issues concerning the sufficiency of the evidence.

As appellant acknowledges, the trial court heard evidence and argument in this case on four separate days. Appellant, however, only requested that the court reporter file hearing transcripts from two of those dates, one being a partial "excerpt" of proceedings and the other being a full transcript of the final day. Appellant asserts in his briefing that this partial record contains all the relevant evidence for the issues in this appeal. However, it is clear from the record we have been provided that significant testimony and documentary evidence is missing. Prior testimony and exhibits are mentioned in the portions we have that are not actually in our record. Appellant essentially provided this court with his own direct testimony and his attorney's cross-examination of appellee, but he did not provide appellee's direct testimony or any of the exhibits. The direct testimony of the party seeking a protective order would normally be highly relevant to the sufficiency of the evidence supporting the issuance of the protective order.

Pro se appellants are held to the same standards as licensed attorneys and must comply with applicable laws and procedures. *See, e.g.*, *Rogers v. City of Houston*, 627 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2021, no pet.). A party need not request a reporter's record unless it is necessary for the appeal. *In re G.S.*, No. 14-20-00445-CV, 2022 WL 1789808, at *2 (Tex. App.—Houston [14th Dist.] June 2, 2022, no pet.) (mem. op.) (citing Tex. R. App. P. 34.1). Under certain circumstances, a partial reporter's record may suffice to show harmful

error. *See Magallanes v. Wadsworth*, No. 14-18-00494-CV, 2019 WL 1442195, at *1 (Tex. App.—Houston [14th Dist.] Apr. 2, 2019, no pet.) (mem. op.). If the parties have filed a written stipulation agreeing on the contents of a partial record, then we will presume that the agreed record contains "all evidence and filings relevant to the appeal." Tex. R. App. P. 34.2. The parties also have the option to file an agreed statement of the case. *See id.* 34.3. Even without an agreement between the parties, an appellant can request a partial reporter's record and "include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." *See id.* 34.6(c)(1). But in the absence of an agreement between the parties or a statement of the appellant's issues to be presented on appeal, we must presume that the omitted portions of the record are relevant and would support the judgment. *See, e.g.*, *Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 822 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Magallanes*, 2019 WL 1442195, at *1.[3]

The record in this appeal does not contain an agreement by the parties to proceed with a partial reporter's record, an agreed statement of the case, or a statement of appellant's issues to be presented on appeal; we must therefore presume that the evidence omitted from the reporter's record supports the final protective order. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (per curiam) ("There is no question that, had Bennett completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment."); *see also Mason*, 154 S.W.3d at 822; *Magallanes*,

---

[3] We have previously noted that an appellant's statement of points or issues does not necessarily have to appear in his request for the reporter's record, but it does have to be timely, and it must describe the points or issues with some particularity. *See In re G.S.*, 2022 WL 1789808, at *2 (citing *Garcia v. Sasson*, 516 S.W.3d 585, 590 (Tex. App.—Houston [1st Dist.] 2017, no pet.)). Although a notice of appeal may suffice if sufficiently specific, *see id.* at *3 & n.3, appellant's notice of appeal here only stated that he "desire[d] to appeal all portions of the judgment." This was not specific enough to satisfy Rule 34.6(c).

2019 WL 1442195, at *1.

Because the record before us does not support appellant's arguments for harmful error, we overrule his issues and affirm the trial court's final protective order.

/s/    Frances Bourliot
        Justice

Panel consists of Justices Bourliot, Hassan, and Wilson.