**Opinion issued April 25, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-22-00294-CV**

———————————

**JULIUS TABE, M.D., Appellant**

**V.**

**TEXAS INPATIENT CONSULTANTS, LLLP, Appellee**

On Appeal from the 129th District Court
Harris County, Texas
Trial Court Case No. 2014-73381

## MEMORANDUM OPINION

Appellant Julius Tabe, M.D., appeals from the trial court's final judgment

dismissing his claims against appellee Texas Inpatient Consultants, LLLP (TIC).

The trial court dismissed Dr. Tabe's claims against TIC, with prejudice, after Dr.

Tabe failed to amend his pleadings after the trial court granted TIC's special

exceptions. In four issues, Dr. Tabe argues that (1) the trial court abused its discretion by imposing death penalty sanctions, (2) the trial court violated his due process rights by conducting a hearing on the special exceptions without notice, (3) the trial court violated his due process rights by denying his request for an oral hearing on TIC's motion for entry of judgment, and (4) the administrative law judge abused its discretion by denying Dr. Tabe's motion to recuse the trial judge.

We affirm.

## Background

The underlying dispute in this case involved a contract between Dr. Tabe, a physician, and TIC, a hospital partnership. *See Tabe v. Tex. Inpatient Consultants, LLLP*, 555 S.W.3d 382, 383 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). After Dr. Tabe agreed to work for TIC, but before TIC obtained Dr. Tabe's necessary credentials, he terminated the contract. *Id.* TIC sued Dr. Tabe for breach of contract and obtained a final summary judgment in its favor in September 2016. *See id.* Dr. Tabe appealed to this Court, arguing that fact issues existed precluding summary judgment. *Id.* at 384. This Court concluded that TIC failed to establish Dr. Tabe's liability under the parties' agreement and reversed the summary judgment and remanded the case for further proceedings. *Id.*

After remand, in May 2019, Dr. Tabe filed a second amended answer, counterclaim, and interpleader, in which he brought claims against TIC and its

2

principal, Dr. Dominic Sreshta. Thereafter, TIC nonsuited its claims against Dr. Tabe, and the trial court entered an order granting TIC's nonsuit and dismissing its claims against Dr. Tabe with prejudice on October 17, 2019. Dr. Tabe's counterclaim against TIC and interpleader claims against Dr. Sreshta remained pending.

Dr. Sreshta and TIC moved for summary judgment and specially excepted to Dr. Tabe's second amended answer, counterclaim, and interpleader. The trial court initially denied the motion for summary judgment, but ultimately granted summary judgment in favor of Dr. Sreshta, disposing of Dr. Tabe's claims against Dr. Sreshta on August 11, 2020.[1] The trial court also denied TIC's special exceptions to the second amended answer and counterclaim, noting that the answer and counterclaim were amended after the special exceptions were filed, rendering the special exceptions moot. The trial court noted, however, that "[t]he new pleadings . . . do not necessarily address the concerns raised in these special exceptions. [TIC] may need to re-file special exception[s] and identify specific paragraphs that do not provide fair notice of claims."

---

[1]     Dr. Tabe does not raise any arguments on appeal related to the trial court's dismissal of his claims against Dr. Sreshta.

3

Dr. Tabe filed a fifth amended answer and counterclaim on September 10, 2020.[2] TIC re-filed its special exceptions to Dr. Tabe's fifth amended answer and counterclaim.[3] On September 26, Dr. Tabe responded and objected to TIC's special exceptions.[4] On January 25, 2021, TIC provided notice of a status conference on

---

[2] Dr. Tabe's third and fourth amended answers and counterclaims are not included in the record.

[3] We note that, like other documents relevant to this appeal, TIC's special exceptions to Dr. Tabe's fifth amended answer and counterclaim are not included in the appellate record. It is apparent that they were filed, however, from language in Dr. Tabe's response and objection to TIC's special exceptions, filed on September 26, 2020, and in the trial court's March 8, 2021 order granting the special exceptions. For instance, in Dr. Tabe's September 26 response, he states: "TIC asserts that its special exceptions are to Dr. Tabe's fifth amended answer and counterclaim." Additionally, in its March 8 order, the trial court stated that it was ruling on TIC's "Special Exceptions to Defendant's Fifth Amended Answer and Counterclaim."

[4] TIC contends in its brief that its special exceptions were set for submission on September 28 and attaches the notice of submission to its brief as Appendix 2. Shortly after filing its appellee's brief, TIC also moved in this Court to supplement the clerk's record with the documents attached to its brief in the appendix. We denied the motion to supplement the record on November 22, 2022, noting that, under the Texas Rules of Appellate Procedure, this Court is not responsible for the preparation or supplementation of the clerk's record. *See* TEX. R. APP. P. 35.3. Rather, that responsibility falls to the trial court clerk. *Id.* We noted that in the event a relevant item has been omitted from the clerk's record, any party may by letter request the "trial court clerk to prepare, certify, and file in the appellate court a supplement containing" any such omitted item. *See id.* 34.5(c). We also noted that nothing in our order precluded any party from requesting that the trial court supplement the clerk's record in accordance with the Texas Rules of Appellate Procedure. To date, neither party has indicated that they have requested that the trial court clerk prepare a supplemental record, nor has any supplemental clerk's record been filed. Accordingly, we cannot consider the documents attached to TIC's appellate brief that are not included in the record. *Garcia v. Sasson*, 516 S.W.3d 585, 591 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("However, documents attached as appendices to briefs do not constitute part of the record of the case and cannot be considered by this Court on appeal."); *Hogg v. Lynch, Chappell & Alsup,*

4

March 8 and, later, set its counsel's motion to withdraw for the same date. According to Dr. Tabe, the trial court conducted a hearing on March 8, at which it considered not only TIC's counsel's motion to withdraw, but also its special exceptions—over Dr. Tabe's objections. A transcript from the March 8 hearing is not included in the appellate record.

On March 8, the trial court entered a written order granting TIC's special exceptions to Dr. Tabe's fifth amended answer and counterclaim. In that order, the trial court ordered Dr. Tabe to amend his pleadings by April 8, 2021, "to clearly and concisely state each counterclaim and the legal and factual basis for each claim he seeks to bring against [TIC] so that the parties may fully understand each claim and the basis for each claim . . . and be able to properly defend against them." The trial court also noted that "[a]s it appears that there are no longer any affirmative defenses against Julius Tabe, he should consider removing any affirmative defenses as well."

On April 8, Dr. Tabe moved to vacate the portions of the trial court's March 8 order on special exceptions suggesting that Dr. Tabe remove his affirmative defenses. Dr. Tabe also requested additional time to "respond" to the order. There is no indication in the record that Dr. Tabe set his motion to vacate for submission or

*P.C.*, 480 S.W.3d 767, 773 (Tex. App.—El Paso 2015, no pet.) ("Documents attached to a brief as an exhibit or appendix, but not appearing in the appellate record, cannot be considered on appellate review.").

hearing or obtained a ruling on this motion. Further, Dr. Tabe did not file an amended pleading.

Almost a year later, on March 22, 2022, the trial court granted TIC's motion for entry of final judgment. Although the motion for entry of judgment is not included in the record, the order stated that the motion for entry of judgment was set for submission on March 21 and denied Dr. Tabe's request for an oral hearing on the motion. In the March 22 order, the trial court stated that TIC's special exceptions were granted on March 8, 2021, and that Dr. Tabe was ordered to amend his pleadings by April 8, 2021. "As of the date of this Order, almost a year since the Court granted the Special Exceptions, Julius Tabe has not amended his pleadings or complied with this Court's order." Accordingly, the trial court ordered that "all of [Dr.] Tabe's counterclaims are dismissed with prejudice." This appeal followed.

**Death Penalty Sanctions**

In his first issue, Dr. Tabe argues that the trial court abused its discretion by imposing "death penalty sanctions" against him "for an apparent failure to comply with a pretrial order." He argues that the trial court's dismissal of his case on March 22, 2022, amounted to a death penalty sanction because it adjudicated his claims without presentation of the merits. *See TransAm. Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917–18 (Tex. 1991) (holding that discovery sanctions under Texas Rule of Civil Procedure 215 must be related to offensive conduct, may not be excessive,

6

and "cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hinderance of the discovery process justifies a presumption that its claims or defenses lack merit"). Dr. Tabe argues that although a trial court may impose sanctions for violations of pretrial orders, the sanctions must be just and, before imposing death penalty sanctions, the trial court must consider and test lesser sanctions. Because the trial court did not award any lesser sanctions before dismissing Dr. Tabe's claims, he argues the trial court abused its discretion.

We first observe that Dr. Tabe did not complain to the trial court that the dismissal of his claims with prejudice was an excessive and inappropriate "death penalty sanction," suggest that lesser sanctions should be imposed, or request the trial court modify its order of dismissal from one "with prejudice" to one "without prejudice." A party cannot raise for the first time on appeal an issue that was not presented to the trial court by way of a timely request, motion, or objection. TEX. R. APP. P. 33.1(a)(1); *Gott v. Rice Consol. Indep. Sch. Dist.*, No. 01-07-00051-CV, 2008 WL 4670257, at *8 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, no pet.) (mem. op.) (holding that appellant's argument that trial court's dismissal with prejudice after appellant failed to amend pleadings following granting of special exceptions was improper death penalty sanction was not preserved because appellant failed to raise this argument with trial court); *see also McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 755 (Tex. App.—Dallas 1993, no writ) (complaint that dismissal

of case with prejudice was not appropriate sanction was not preserved for appellate review because it was not raised in trial court); *Andrews v. ABJ Adjusters, Inc.*, 800 S.W.2d 567, 568–69 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (op. on reh'g) (holding that appellant failed to preserve complaint that trial court improperly dismissed claim "with prejudice" by not presenting alleged error first to trial court). We therefore hold that Dr. Tabe failed to preserve this complaint for appellate review.

Even if this issue had been preserved, the cases cited by Dr. Tabe related to death penalty sanctions would be inapplicable to our review because there is no basis in the record to support the contention that TIC requested dismissal of Dr. Tabe's claims as a sanction under Texas Rule of Civil Procedure 215.2 or that the trial court imposed such a "sanction." Rather, the record demonstrates the trial court dismissed with prejudice Dr. Tabe's claims against TIC because he failed to amend his pleadings as ordered by the trial court in its March 8 order. In the March 8 order granting TIC's special exceptions, the trial court ordered Dr. Tabe to amend his pleadings by April 8, 2021, "to clearly and concisely state each counterclaim and the legal and factual basis for each claim he seeks to bring against [TIC] so that the parties may fully understand each claim and the basis for each claim . . . and be able to properly defend against them." Although Dr. Tabe filed a motion to vacate the portion of the March 8 order suggesting that Dr. Tabe remove his affirmative

defenses and requesting additional time to "respond" to the order, the record does not show Dr. Tabe set his motion to vacate for submission or hearing or obtained a ruling on this motion. In fact, from what we can tell from the appellate record, little to no action took place between the filing of Dr. Tabe's motion to vacate on April 8, 2021 (the date his amended pleading was due) and the trial court's entry of judgment on March 22, 2022, almost a year later. Accordingly, after Dr. Tabe failed to amend his pleadings for almost one year after the trial court granted TIC's special exceptions, the trial court dismissed Dr. Tabe's claims with prejudice.[5]

Dismissal with prejudice is proper when the trial court grants special exceptions and provides a plaintiff an opportunity to cure deficient pleadings, but the plaintiff fails to do so.[6] *Lentworth v. Trahan*, 981 S.W.2d 720, 722–23 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (citing *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 832 (Tex. App.—Corpus Christi 1978, writ ref'd n.r.e.)) ("Dismissal is properly made with prejudice . . . on the failure of a plaintiff to amend deficient pleadings when given that opportunity[.]"); *see also, e.g.*, *Longoria v.*

---

[5] We also note that Dr. Tabe had multiple opportunities to amend his pleadings. The special exceptions the trial court granted were to Dr. Tabe's fifth amended answer and counterclaim.

[6] Dr. Tabe does not challenge the substance of the trial court's rulings on TIC's special exceptions, only that dismissal of his claims (as a "death penalty sanction") was improper. Accordingly, we do not address this issue. Even if we were inclined to do so, TIC's special exceptions to Dr. Tabe's fifth amended answer and counterclaim, which the trial court granted, are not included in the appellate record.

9

*Exxon Mobil Corp.*, No. 04-15-00536-CV, 2016 WL 4013793, at *6 (Tex. App.—San Antonio July 27, 2016, pet. denied) (mem. op.) (holding trial court did not abuse its discretion in dismissing appellants' lawsuit with prejudice after appellants failed to amend their pleadings as ordered by court); *Gott*, 2008 WL 4670257, at *8 n.13 (rejecting argument that dismissal was improper death penalty sanction because, even if preserved, "[t]here is a long line of authorities that holds that when special exceptions alleging that the petition fails to state a cause of action are sustained, and the plaintiff thereafter fails to amend the petition, the trial court may properly dismiss the plaintiff's case with prejudice"); *Gallardo v. TCI Cablevision of Tex., Inc.*, No. 13-02-00460-CV, 2004 WL 1932662, at *4 (Tex. App.—Corpus Christi–Edinburgh Aug. 31, 2004, no pet.) (mem. op.) (concluding trial court did not abuse its discretion in dismissing claims with prejudice when pleadings failed to state cause of action and appellants refused to amend deficient pleadings). Accordingly, even if this issue was preserved, we hold that the trial court did not abuse its discretion in dismissing Dr. Tabe's claims against TIC with prejudice.

We overrule Dr. Tabe's first issue.

### Hearing on Special Exceptions

In his second issue, Dr. Tabe argues that the trial court abused its discretion in conducting a hearing on TIC's special exceptions on March 8, 2021, when the only matter noticed was TIC's counsel's motion to withdraw. According to Dr. Tabe,

10

the trial court considered TIC's special exceptions at the March 8 hearing over his objections and statements that because the special exceptions were not noticed for that date, he was unprepared to present argument. This, according to Dr. Tabe, violated his right to due process because it deprived him of a meaningful opportunity to be heard. In support of this argument, Dr. Tabe provides a several-paragraph recitation of the purported exchange between the parties and the trial court at the March 8 hearing.

Despite basing this argument on what occurred at the March 8 hearing, a transcript of that hearing is not included in the appellate record. In fact, the court reporter for the trial court filed an information sheet certifying that no reporter's record was taken in this case. It is the appellant's burden to bring forth a sufficient record to show the error committed by the trial court. *See Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (noting that party is required to request court reporter make record, and holding that because appellant failed to request reporter's record, court would assume there was sufficient evidence to support trial court's judgment); *see also Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."); *Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 636 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("The appellant's failure to obtain a reporter's record containing

11

a challenged ruling makes it impossible for the appellate court to determine that the trial court abused its discretion in making the ruling.").

Without a reporter's record from the March 8 hearing, we cannot determine whether, and to what extent, the trial court considered substantive arguments related to TIC's special exceptions. Nor can we determine whether Dr. Tabe has preserved the due process argument he raises with respect to that hearing on appeal. Constitutional arguments must be raised before the trial court or they are not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) ("As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal."). Even due process arguments must be presented to the trial court. *See, e.g.*, *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (holding due process argument raised for first time on appeal not preserved); *Johnson v. Verma*, No. 01-22-00154-CV, 2023 WL 362888, at *2 (Tex. App.—Houston [1st Dist.] Jan. 24, 2023, no pet.) (mem. op.) ("[A] party must first present due-process arguments to the trial court to pursue them on appeal."); *Ratsavong v. Menevilay*, 176 S.W.3d 661, 671 (Tex. App.—El Paso 2005, pet. denied) (due process arguments waived when they were not brought to trial court's attention); *Santos v. Comm'n for Lawyer Discipline*, 140 S.W.3d 397, 404–05 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding appellant's objection that trial court's final order stating sanctions would not be dischargeable in

bankruptcy violated his due process rights was not preserved because appellant did not object in trial court).

Here, without a transcript from the March 8 hearing, we do not know whether Dr. Tabe objected to the hearing on the grounds he raises on appeal, i.e., that conducting a hearing on the special exceptions for which there was no notice violated Dr. Tabe's due process right to notice and a meaningful opportunity to be heard. Nor have we found a due process objection to the March 8 hearing and ruling on the special exceptions anywhere else in the record. Although Dr. Tabe filed a motion to vacate portions of the trial court's order granting TIC's special exceptions, Dr. Tabe only requested that the trial court vacate the portion of its order that mandated Dr. Tabe withdraw his affirmative defenses and requested an extension of time in which to "respond to the Order on Special Exceptions." It is true he stated in his motion to vacate that he was "surprised" by the discussion of the special exceptions at the March 8 hearing and "protested three (3) times that he was unprepared to go forward on a special exceptions hearing." However, he did not argue in the motion to vacate, or anywhere else in the record, that the trial court's continuation with the March 8 hearing over his objections violated his due process rights. Because Dr. Tabe has failed to provide this Court with an adequate record and because he failed to object based on due process grounds before the trial court, we hold that Dr. Tabe has failed to preserve this argument. *See* TEX. R. APP. P. 33.1(a).

13

We overrule Dr. Tabe's second issue.

## Denial of Oral Hearing on Motion for Entry of Judgment

In his third issue, Dr. Tabe argues that the trial court abused its discretion in denying his request for an oral hearing on TIC's motion for entry of judgment. Dr. Tabe contends that he sought an oral hearing on TIC's motion for entry of judgment and that he was provided a date for that hearing—May 23, 2022—by the trial court's clerk.[7] The trial court denied his request for an oral hearing and granted TIC's motion for entry of judgment. According to Dr. Tabe, this denial violated his right to due process.

However, as with his due process argument related to the trial court's March 8 hearing, the record does not reflect that Dr. Tabe raised this due process objection to the trial court in any post-judgment briefing. Because constitutional arguments, even due process arguments, must be raised in the trial court or they are waived, we hold that Dr. Tabe has failed to preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *In re L.M.I.*, 119 S.W.3d at 711; *Dreyer*, 871 S.W.2d at 698; *Johnson*, 2023 WL 362888, at *2; *see also Anderson v. McCormick*, Nos. 01-12-00856-CV, 01-12-00857-CV, 2013 WL 5884931, at *3 (Tex. App.—Houston [1st

---

[7]     We note that the only document related to the motion for entry of judgment included in the appellate record is the trial court's judgment itself. TIC's motion for entry of judgment, Dr. Tabe's response to the motion (if any), his request for a hearing on the motion, and a notice of the purported May 23, 2022 hearing are not included in the record.

Dist.] Oct. 31, 2013, no pet.) (mem. op.) (holding appellant waived argument that final judgment violated her due process rights because she did not file objection to it on due process grounds in any post-judgment briefing before trial court).

We overrule Dr. Tabe's third issue.

## Motion to Recuse

In his fourth issue, Dr. Tabe argues that the administrative judge erred in denying his motion to recuse the trial court judge. However, neither Dr. Tabe's motion to recuse nor the order denying the motion to recuse is included in the appellate record. It is the appellant's burden to bring forth a sufficient record to show the error committed by the trial court. *See Christiansen*, 782 S.W.2d at 843; *Nicholson*, 226 S.W.3d at 583; *see also* TEX. R. APP. P. 33.1(a). With neither the motion to recuse nor the order denying the motion in the record, we cannot determine the basis for Dr. Tabe's contention that the trial court should have recused, nor can we determine whether the administrative judge abused its discretion in denying the motion. Because the appellate record does not contain the motion or the order Dr. Tabe seeks to challenge, he has failed to sufficiently present this issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *see also Christiansen*, 782 S.W.2d at 843; *Nicholson*, 226 S.W.3d at 583.

We overrule Dr. Tabe's fourth issue.

## Conclusion

We affirm the trial court's judgment.

Amparo Guerra
Justice

Panel consists of Justices Landau, Countiss, and Guerra.